COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ROSA DURAN,                                                   )

                                                                              )              
No.  08-04-00068-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
65th District Court

TEXAS DEPARTMENT OF
PROTECTIVE        )

AND REGULATORY SERVICES,                      )             of El Paso County,
Texas

                                                                              )

Appellee.                           )               
(TC# 2002CM4601)

                                                                              )

 

 

O
P I N I O N

 

Rosa Duran appeals
from a judgment terminating her parental rights.  On appeal, Ms. Duran raises two
issues.  In Issue One, she challenges the
trial court=s denial
of her motion to dismiss the case for lack of jurisdiction.  In Issue Two, she challenges the
effectiveness of her trial counsel.  We
affirm.








On July 17, 2002,
the Texas Department of Protective and Regulatory Services (ADepartment@)
was appointed temporary managing conservator of Ms. Duran=s five children.  On July 14, 2003, a motion was filed by the
Department requesting a new dismissal date of September 1, 2003.  Pursuant to Sections 263.401(b)(1) and
263.306(11) of the Texas Family Code, on July 18, 2003, the district court
signed an order extending dismissal date to September 1, 2003, and the
hearing date to August 25, 2003.  See
Tex.Fam.Code Ann. ' 263.401(b)(1), ' 263.306(11)(Vernon 2002).  On August 29, 2003, a Motion for An Agreed
Extension of Dismissal Date was filed requesting an extension of the dismissal
date be granted for January 17, 2004.  On
September 2, 2003, the trial court filed an order extending dismissal and final
hearing dates to December 29, 2003 and September 15, 2003, respectively.  

On December 1,
2003, the associate judge=s
report was signed and on December 3, 2003, the district court signed an order
adopting the associate judge=s
report recommending the termination of Ms. Duran=s
parental rights.  On December 5, 2003,
Ms. Duran hand-delivered a pro se notice of appeal to this Court.  In a letter dated December 8, 2003, we
notified Ms. Duran that our Court did not have jurisdiction to file her appeal
and that her notice of appeal would be forwarded to the District Clerk of El
Paso County.  On December 8, 2003, Ms.
Duran filed a second notice of appeal, an exact duplicate of the December 5,
2003 notice of appeal.  On January 12,
2004, Attorney David Biagas filed an appearance of counsel on Ms. Duran=s behalf.  

On January 27,
2004, the trial court signed an order setting a hearing for February 12,
2004.  The Department filed a Motion to
Strike Rosa I. Duran=s
Notice of Appeal from Associate Judge=s
Hearing and Motion to Deny Request for Hearing De Novo.  It argued that Ms. Duran=s notice of appeal was insufficient to
invoke the court=s
jurisdiction.








On February 24,
2004, a hearing was held on Ms. Duran=s
notice of appeal filed December 5, 2003. 
At the beginning of the hearing, the Department presented its motion to
deny Ms. Duran=s request
for a hearing de novo.  The Department
argued that Ms. Duran=s
notice of appeal did not specify any findings or conclusions that were being
objected to, and that such a general notice of appeal failed to confer
jurisdiction to the referring court.  The
trial court agreed with the Department that Ms. Duran=s
notice of appeal was not specific to confer jurisdiction.  On March 10, 2004, Ms. Duran filed a notice
of appeal with this Court.

DISCUSSION

Ms. Duran raises
two issue on appeal.  In response to both
issues, the Department argues that Ms. Duran filed an untimely notice of appeal
and therefore failed to invoke this Court=s
jurisdiction.  The Department contends
that Ms. Duran filed her notice of appeal with this Court on March 10,
2004.  It argues that this was
ninety-seven days after the referring court signed the termination order on
December 3, 2003, not in compliance with the twenty-day deadline for filing an
appeal and the fifteen-day additional grace period for filing an extension of
time for filing a notice of appeal.








Before addressing
Ms. Duran=s issues
on appeal, we first address the Department=s
contention that this Court does not have jurisdiction to consider Ms. Duran=s appeal.  A court of appeals has jurisdiction over any
appeal in which the appellant files an instrument in a bona fide attempt to
invoke the appellate court=s
jurisdiction.  Lindwood v. NCNB Texas,
885 S.W.2d 102, 103 (Tex. 1994); Grand Prairie Indep. Sch. Dist. v. Southern
Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991).  As instructed by the Texas Supreme Court, we
liberally construe the rules of appellate procedure to protect a party=s right to appeal.  See Verburgt v. Dorner, 959 S.W.2d
615, 616-17 (Tex. 1997).  In this case,
Ms. Duran hand delivered a notice of appeal with this Court on December 5, 2003
titled Respondent=s Notice
of Appeal from Associate Judge=s
Order of Termination.  However, upon
closer examination of this notice, the appeal was directly from the trial court=s adoption of the associate judge=s recommendation to terminate parental
rights.  We construe Ms. Duran=s notice of appeal filed on December 5,
2003 as a bona fide attempt to invoke jurisdiction on this Court.  Finding that we do have jurisdiction over
this appeal, we now address Appellant=s
Issue One.  

In Issue One, Appellant
challenges the trial court=s
denial of Appellant=s Motion
to Dismiss the Case for Lack of Jurisdiction, arguing that the trial court had
failed to make a final ruling and order within the time limits set out in the
Texas Family Code.  Appellant argues that
since her case had been pending for over one year, under Section 263.401 of the
Texas Family Code, the trial court should have dismissed the case on July 2,
2003.  See Tex.Fam.Code Ann. ' 263.401.  However, since an extension was granted in
this case setting the final dismissal date of September 1, 2003, Appellant
argues that the trial court could only grant an order terminating the parent-child
relationship or dismiss the case by the September 1 date.  Appellant challenges the trial court=s failure to do so.

Section 263.401 of
the Texas Family Code provides that unless the trial court has rendered a final
order on the first Monday after the first anniversary of the date the court
appointed the Department as temporary managing conservator in a suit affecting
the parent-child relationship, the court Ashall
dismiss@ a suit
filed by the department that seeks the termination of the parent-child
relationship.  See Tex.Fam.Code Ann. ' 263.401(a).  The trial court may extend this deadline for
up to 180 days if, by the Monday after the first anniversary date, the court
finds that continuing the Department=s
conservatorship of the child is in the child=s
best interest and renders an order that complies with Section 263.401(b).  See Tex.Fam.Code
Ann. '
263.401(a), (b).  If the trial court
grants an extension, but does not render a final order within the 180-day
period, it must dismiss the suit.  Tex.Fam.Code Ann. ' 263.401(c).








In this case, the
trial court acted in accordance with Section 263.401(b) of the Texas Family
Code by entering an order on December 5, 2003, terminating Ms. Duran=s parental rights.  Such action was done within the 180 days
extension granted by the trial court in this case.  We find no support in the record that the
case should have been dismissed on July 2, 2003 as Ms. Duran contends.  We further find no support that the trial
court should have either entered an order terminating the parent-child
relationship or dismissed the case by September 1, 2003.  Contrary to Ms. Duran=s
assertions, we find that the trial court acted within the time limits set out
in the Texas Family Code.  We overrule
Issue One.

Ms. Duran was
represented by a court-appointed counsel at the trial level.  In Issue Two, we understand Ms. Duran=s complaint to be that she received
ineffective assistance of counsel because of her court-appointed attorney=s failure to file a motion for new
trial or a notice of appeal.  

The Texas Supreme
Court has held that the right to effective counsel applies to the statutory
right to counsel in parental-rights termination cases.  In re M.S., 115 S.W.3d 534, 544 (Tex.
2003).  The Court also found that the
appropriate standard for determining whether counsel is effective should be the
same as the standard set forth in Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 
In Strickland, the United State Supreme Court stated: 

First, the defendant must show that
counsel=s
performance was deficient .  This
requires showing that counsel made errors so serious that counsel was not
functioning as the >counsel= guaranteed the defendant by the Sixth
Amendment.  Second, the defendant must
show that the deficient performance prejudiced the defense.  This requires showing that counsel=s errors were so serious as to deprive
the defendant of a fair trial, a trial whose result is reliable.  

 

Strickland, 466 U.S. at 687,
104 S.Ct. 2064.  Strickland
requires defendant to meet both prongs of the inquiry.








In our review, we
give great deference to counsel=s
performance, indulging a strong presumption that counsel=s
conduct falls within the wide range of reasonable professional assistance,
indulging the possibility that counsel=s
action are strategic.  Strickland,
466 U.S. at 689, 104 S.Ct. 2065.  Only
when the conduct is so outrageous that no competent attorney would have engaged
in it is the challenged conduct ineffective assistance.  Garcia v. State, 57 S.W.3d 436, 440
(Tex.Crim.App. 2001); Thompson v. State, 9 S.W.3d 808, 813
(Tex.Crim.App. 1999).








In this case, Ms.
Duran bears the burden to show that her counsel=s
performance fell below an objective standard of reasonableness.  See Garcia, 57 S.W.3d at 440.  Ms. Duran argues that her counsel=s failure to file a motion for new
trial and notice of appeal resulted in ineffective assistance.  However, reasonable professional assistance
includes the possibility that counsel=s
decision not to file a motion for new trial or pursue an appeal was because in
his professional opinion, he believed that such action was not warranted.  As the Court of Criminal Appeals has stated, A[w]hen a motion for new trial is not
filed in a case, the rebuttable presumption is that it was considered by the
appellant and rejected.@  See Smith v. State, 17 S.W.3d 660, 662
(Tex.Crim.App. 2000).  The courts must
hold the parent=s burden
to show that counsel=s
performance fell below an objective standard of reasonableness.  Garcia, 57 S.W.3d at 440.  Ms. Duran has pointed to no evidence on the
record showing the reasons her court-appointed counsel did not file these
documents.  Instead, the record in this
case reflects that Ms. Duran filed a pro se notice of appeal and that such
notice was prepared by an attorney. 
Ms. Duran apparently also hired Mr. Biagas, her current counsel on
appeal, to assist with her appeal. 
Indulging strong presumption that Ms. Duran=s
counsel=s conduct
fell within a wide range of professional assistance, we find that Ms. Duran has
failed to meet such burden and failed to satisfy the first prong of the Strickland
test.  Accordingly, we overrule Issue
Two.

Having overruled
both issues on appeal, we affirm the judgment of the trial court.

 

 

 

May
5, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.