Eric Lenard SMITH, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00371–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 15, 1999.

Rehearing Overruled May 7, 1999.

Tony Aninao, Houston, for Appellant.

John B. Holmes, Eric Kugler, Houston, for Appellee.

Panel consist of Justices O'CONNOR, HEDGES, and ANDELL.

## OPINION

ADELE HEDGES, Justice.

Appellant was charged with aggravated robbery, but pleaded guilty without an agreed recommendation to aggravated assault. The trial court deferred an adjudication of guilt and placed appellant on probation for 10 years. After a hearing on the State's motion to adjudicate guilt, the trial court found appellant violated terms of his community supervision, found appellant guilty of aggravated assault, and sentenced him to 16 years imprisonment. We reverse and remand.

In four points of error, appellant contends that his general notice of appeal is sufficient to provide this Court with jurisdiction to hear his appeal, that he is entitled to a new trial because the trial court did not allow a separate punishment hearing after finding him guilty, that he received ineffective assistance of counsel because his counsel did not preserve error relating to the trial court's failure to allow a separate punishment hearing, and that he was denied effective assistance of counsel during the time required to file a motion for new trial.

## Jurisdiction

The State argues that we are without jurisdiction to hear this appeal because it arises from an adjudication of guilt from which no appeal can be taken. TEX.CODE CRIM. P. ANN. art. 42.12, § 5(b) (Vernon Supp.1999).[1] The prohibition against appeal pertains only to the proceeding to

---

1. Article 42.12, section 5(b) provides in part: The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. . . .

adjudicate guilt. *Id.* Appellant's complaints do not arise from the hearing to adjudicate his guilt, but instead arise from what he alleges failed to occur after the adjudication. We hold we have jurisdiction.

## Denial of Counsel

In point of error four, appellant argues that he was denied effective assistance of counsel during the 30–day period after sentencing, depriving him of the opportunity to develop an appellate record to show that he received ineffective assistance of counsel during the punishment phase of trial. Specifically, he argues that the trial court deprived him of effective assistance by failing to appoint appellate counsel until the 30–day time period for timely filing a motion for new trial had elapsed.

A defendant is entitled to counsel during the time limit for filing a motion for new trial to assist the defendant in preparing the motion. *Cox v. State,* 797 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Callis v. State,* 756 S.W.2d 826, 827 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The question for this Court is whether appellant was adequately represented by counsel during this time period.

The adjudication of guilt and pronouncement of sentence occurred on March 19, 1998. Appellant was represented by trial counsel at that time. Unless the record shows otherwise, we must presume that appellant's trial counsel continued to represent him and that counsel acted effectively. *Oldham v. State,* 977 S.W.2d 354, 363 (Tex.Crim.App.1998), *cert. denied,* 67 U.S.L.W. 3541, —— U.S. ——, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999).

On April 2, 1998, appellant filed a pro se notice of appeal in which he complained of his trial counsel's performance. In this notice, appellant stated that he was "not trying to appeal his guilt," but his sentence which he felt "was very unjust." He went on to say that he was misrepresented by his attorney because there were witnesses on his behalf that did not take the stand, and he was not even notified of the need for character witnesses. Appellant believed that he was "mistreated and manipulated by his attorney" and that his attorney had stopped "in the middle of his hearing for no apparent reason."

The notice was filed with sufficient time remaining to allow new counsel to review the record and file an appropriate motion for new trial to develop appellant's claims of ineffective assistance of counsel, a claim his trial counsel was unlikely to make himself. In *Oldham,* the filing of a pro se notice of appeal was insufficient by itself to show Oldham's trial counsel did not continue effective representation because the record did not show otherwise. 977 S.W.2d at 363.

However, the record shows that on April 9, appellant was brought to the court, *without* counsel, where he signed a pauper's oath and request for new counsel. The court signed an order appointing appellate counsel on April 16, but the order was not filed until April 21, 1998. The time for filing a motion for new trial expired April 20, 1998, precluding the filing of a motion for new trial by appellate counsel to develop appellant's claims of ineffective assistance of counsel. The record before us adequately rebuts the presumption that appellant was effectively represented by counsel during the time for filing a motion for new trial.

The court in *Oldham* recognized that "a claim on direct appeal of denial of counsel should be entertained and upheld if supported by the record." 977 S.W.2d at 360. Denial of counsel, if supported by the record, must be remedied, because the right to counsel is fundamental in our system of justice. U.S. Const. amend. VI; Tex. Const. art. I, § 10. *Trevino v. State,* 565 S.W.2d 938, 940 (Tex.Crim.App.1978).

We sustain point of error four.

In light of our sustaining point of error four, it is not necessary to discuss the

merits of points of error two and three, and we decline to do so.

## Proper Remedy

 In *Trevino,* the court held that the appropriate remedy for denial of counsel during a new trial hearing was to remand the cause back to the time of the proceedings when the denial occurred. 565 S.W.2d at 941–42. Therefore, the court set aside the sentence and notice of appeal, returning the case to the trial court for a hearing on the motion for new trial. *Id.* at 941–42. However, to achieve the appropriate remedy, we no longer need to set aside the judgment. *See Burnett v. State,* 959 S.W.2d 652, 657–58 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd) (discussing changes in sentencing procedures since *Trevino* ).[2] It is only necessary to remand the cause for a 30–day period in which to file a motion for new trial. *Id.*

Accordingly, without disturbing the trial court's judgment, we remand this case to the trial court for appellate timetables to begin anew. *Id.* All applicable appellate timetables are to be calculated and are to begin upon the trial court's receipt of our mandate. *Id.* at 658; TEX.R.APP. P. 43.6.

---

**2.** At the time Trevino was sentenced, sentence was not pronounced immediately after judgment unless the defendant waived his 10 days in which a motion for new trial could have been filed. Sentence was pronounced after a motion for new trial had been overruled. Notice of appeal was filed within 10 days after overruling of a motion for new trial.

In 1981, the Code of Criminal Procedure was amended to provide that a motion for new trial shall be filed within 30 days after sentencing and changing the time for filing motions for new trial from before sentencing until after sentencing.
*Burnett,* 959 S.W.2d at 657 (citations omitted).