Eric Lenard SMITH, Appellant,

v.

The STATE of Texas.

No. 1010–99.

Court of Criminal Appeals of Texas.

May 17, 2000.

---

**20.** Tex.R. Civ. P. 192.6(b).

**21.** *See* Tex.R.App. P. 52.8(c).

Tony Aninao, Houston, for appellant.

Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## O P I N I O N

MEYERS, J., delivered the opinion of a unanimous Court.

Appellant was charged with the felony offense of aggravated robbery, but pleaded guilty to the lesser included offense of aggravated assault without an agreed punishment recommendation from the State. The trial court deferred an adjudication of guilt and placed appellant on community supervision for ten years. *See* TEX.CRIM. PROC.CODE ANN. art. 42.12, § 5(a) (Vernon Supp.1996). After a hearing on the State's Motion to Adjudicate Guilt, the trial court found that appellant had violated the terms of his community supervision, adjudged him guilty of aggravated assault, and sentenced him to sixteen years confinement. During the adjudication portion of the hearing, defense counsel presented no evidence relevant to punishment, and was completely silent after adjudication.

Appellant filed a *pro se* notice of appeal in which he noted that while he was not appealing his guilt, he felt that his sentence "was very unjust." Specifically, appellant cited his counsel's failure to present any punishment evidence. He alleged that counsel did not tell him of the need for character witnesses and maintained that he had witnesses who would have been available to testify on his behalf. Seven days later, appellant was brought to court, signed a pauper's oath, and requested new counsel. The trial court signed an order appointing counsel, but the order was not filed until after the deadline had passed for filing a motion for new trial. *See* TEX.R.APP. P. 21.4 (requiring motion for new trial be filed no later than 30 days after date when trial court imposes or suspends sentence).

In the Court of Appeals, appellant argued, *inter alia*, that he was denied the effective assistance of counsel during the time required to file a motion for new trial. He maintained that the lack of counsel during this time-frame deprived him of the opportunity to develop an appellate record to show that he received ineffective assistance of counsel in relation to punishment.

The appellate court held that, although the appeal arose in the context of an adjudication of guilt, it had jurisdiction to consider appellant's claims under Texas Code of Criminal Procedure article 42.12, § 5(b), because "[a]ppellant's complaints [did] not arise from the hearing to adjudicate his guilt, but instead [arose] from what he alleges failed to occur after the adjudication." *Smith v. State*, 990 S.W.2d 893, 895 (Tex.App.—Houston [1st Dist.] 1999). The Court of Appeals went on to hold that the record adequately rebutted the presumption that appellant was effectively represented by counsel during the time for filing a motion for new trial and sustained appellant's point of error. *Id.* at 895. The court determined that the proper remedy was to remand the case to the trial court and allow the appellate timetable for filing a motion for new trial to begin anew. *Id.* at 896. We granted the State's petition in order to address the argument that the Court of Appeals erred in holding that it had the authority to restore the jurisdiction of the trial court so that it could allow appellant time to file an out-of-time motion for new trial.[1]

The State argues that the Court of Appeals' decision is in conflict with our hold-

---

1. The State's petition actually brought two grounds for review. Although we granted review on ground two only, the parties were erroneously informed that both grounds would be submitted to the Court. We informed the parties about this mistake during oral argument and now take this opportunity to dismiss the State's first ground for review.

ing in *Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App.1998) (opinion on reh'g), inasmuch as appellant has failed to overcome the presumption that he was effectively represented by counsel during the time for filing a motion for new trial. Appellant counters that, while *Oldham* "would seem at first blush to present a facially analogous fact situation" to the instant case, the Court of Appeals correctly distinguished that decision.[2]

In *Oldham*, this Court was presented with facts nearly identical to those in the case at bar. After Oldham had been convicted and sentenced for forgery, she filed a *pro se* notice of appeal and indigency. *Id.* at 355. The following day, the appeal was assigned to the Court of Appeals with a notation on the letter of assignment from the trial court that the attorney of record on appeal was "to be determined." *Id.* Thirty-three days later, the trial court found appellant indigent and appointed appellate counsel. *Id.* Shortly thereafter, appellate counsel filed a motion to abate the appeal, requesting that the case be remanded to the trial court and that the appellate time-tables begin anew to allow the appellant leave to file a motion for new trial on the ground that she was denied the effective assistance of counsel. *Id.* at 356. The Court of Appeals ultimately determined that the appellant had been denied her Sixth Amendment right to counsel during the time for filing a motion for new trial, and therefore abated the appeal and

remanded the cause to allow the appellant to pursue post-trial motions. *Id.*

This Court reversed the appellate court, holding that the facts presented "[did] not rebut the presumption that the appellant was represented by counsel and that counsel acted effectively." *Id.* at 363 (citation omitted). Specifically, we noted that there was no evidence in the record to show "that trial counsel thought that his duties were completed with the end of trial, and had thereafter abandoned the appellant." *Id.* at 362. We also observed:

> [t]here is nothing in the record to suggest that the attorney did not discuss the merits of a motion for a new trial with the appellant, which the appellant rejected. When a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected.

*Id.* at 363. Finally, we remarked that the fact that the appellant had seen her way clear to file a *pro se* notice of appeal was an indication that she was aware of some of her appellate rights, "and we presume she was adequately counseled unless the record affirmatively displays otherwise." *Id.*

In the instant case, the only facts cited by the Court of Appeals to distinguish it from *Oldham* were appellant's representations in his notice of appeal that trial counsel was ineffective at the punishment

---

**2.** Appellant initially argues that while the appellate court in *Oldham* relied on former Texas Rule of Appellate Procedure 2(b) in order to extend the thirty day deadline for filing a motion for new trial, the Court of Appeals in the instant case fashioned its remedy based on its finding that appellant was denied a fundamental constitutional right. *See Smith*, 990 S.W.2d at 894 ("Denial of counsel, if supported by the record, must be remedied, because the right to counsel is fundamental in our system of justice"). He therefore maintains that the lower court's remedy does not run afoul of *Oldham*'s restrictions regarding the use of former Rule 2(b) to expand the appellate time-tables. *See Oldham*, 977 S.W.2d at 360 (noting that while using Rule 2(b) to suspend or enlarge appellate time lim-

its was error, Court's holding "should not be understood as restricting a court of appeals' power to abate an appeal and remand a case under authority other than Rule 2(b)"). While appellant's point is well taken, we interpret the State's argument to have less to do with *Oldham*'s initial holding regarding Rule 2(b), and more to do with that portion of *Oldham* relating to the appellant's failure to rebut the presumption that he was adequately represented by counsel during the time for filing a motion for new trial. *See id.* at 363. While the State's ground for review is somewhat ambiguous given these dual holdings of *Oldham*, the argument set forth in its brief clearly pivots on what the State's perceives as a conflict with what it terms the "second holding" of *Oldham*.

portion of his trial, and that appellant subsequently appeared without counsel when he was brought to court to sign a pauper's oath and to request new counsel. *Smith*, 990 S.W.2d at 895. We hold that these facts are not sufficient to justify a departure from this Court's holding in *Oldham*. Just as in *Oldham*, there is nothing in the record to suggest that appellant was not counseled by his attorney regarding the merits of a motion for new trial. We therefore assume that appellant considered this option and rejected it. *Oldham*, 977 S.W.2d at 363. Also, just as in *Oldham*, the fact that appellant filed a *pro se* notice of appeal is evidence that he was informed of at least some of his appellate rights. We therefore assume, absent a showing in the record to the contrary, that appellant was adequately counseled regarding his right to file a motion for new trial. We hold that appellant has failed to overcome the presumption that he was adequately represented by counsel during the time for filing a motion for new trial.[3]

The Court of Appeals erred in concluding that appellant overcame the presumption that he was adequately represented by counsel at all times in the litigation. The judgment of the Court of Appeals is reversed, and the case is remanded for consideration of appellant's remaining points of error.[4]

JOHNSON, J., filed a concurring opinion in which MANSFIELD, J., joined.

JOHNSON, J., filed a concurring opinion in which MANSFIELD, J. joins.

Today this court holds that appellant has failed to overcome the presumption that he was effectively represented by counsel during the time for filing a motion for new trial. It so holds because, pursuant to *Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App.1998), *cert. denied*, 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999), "there is nothing in the record to suggest that appellant was not counseled by his attorney regarding the merits of a motion for new trial. We therefore assume that appellant considered this option and rejected it," and "the fact that appellant filed a *pro se* notice of appeal is evidence that he was informed of at least some of his appellate rights. We there assume, absent a showing in the record to the contrary, that appellant was adequately counseled regarding his right to file a motion for new trial." *Ante*, at 663.

I agree that as a matter of precedent, *Oldham* dictates the outcome in the instant case. However, as a matter of logic and reason, I believe that the court of appeals' analysis is far more persuasive:

[T]he record shows that on April 9, appellant was brought to the court, without counsel, where he signed a pauper's oath and request for new counsel. The court signed an order appointing appellate counsel on April 16, but the order was not filed until April 21, 1998. The time for filing a motion for new trial expired April 20, 1998, precluding the filing of a motion for new trial by appellate counsel to develop appellant's claims of ineffective assistance of counsel. The record before us adequately rebuts the presumption that appellant was effectively represented by counsel during the time for filing a motion for new trial.

---

**3.** The issue remains undecided whether a defendant is entitled to counsel during the time limit for filing a motion for new trial to assist the defendant in preparing the motion. *See Oldham*, 977 S.W.2d at 360 (noting that issue has not been addressed by this Court and explicitly declining to reach it in the case presented) (citations omitted). We are not asked to decide this issue today and will not do so given our disposition of the State's ground for review.

**4.** Appellant raised four points of error before the Court of Appeals. However, in light of its decision to sustain appellant's fourth point and remand the case to the trial court, the appellate court declined to address appellant's remaining two points of error. *See Smith*, 990 S.W.2d at 895–96.

*Smith* v. *State,* 990 S.W.2d 893, 895 (Tex. App.—Houston [1st Dist.] 1999). *Oldham* represents a recent trend by this court to entirely preclude relief on direct appeal as to claims of ineffective assistance of counsel. *See also Thompson v. State,* 9 S.W.3d 808 (Tex.Crim.App. 1999). In noting the "exceedingly short leash" that we have given courts of appeal to review claims of ineffective assistance of counsel on direct appeal, Justice Rickhoff, writing for a panel of the Fourth Court of Appeals, recently noted:

> There appears to be an increase in allegations of ineffective assistance of counsel. In response, the court of criminal appeals has tightened the standard of review ... In my judgment, this is precisely the wrong response. Intermediate appellate court justices have experience and expertise in evaluating the performance of counsel and are competent to exercise judgment on an issue this subjective. Before appellate review, no participant can stop an obviously ineffective performance by defense counsel. Criminal defendants, usually not part of the most vocal or analytical segments of society, are most often unable to identify ineffectiveness, speak for themselves, and urge a resolution ... Trial judges are entirely frustrated. Once counsel is appointed or retained, a trial judge generally lacks authority to unilaterally remove counsel. Trial judges have no formal process for clearly identifying and recording incidents of ineffectiveness. Occasionally, a trial judge will remark on the record that counsel's performance may be deficient ... Certainly, the opposing advocate can do nothing. Following the trial, even if we as appellate justices believe in good conscience that we have identified an ineffective performance, we are unable to satisfy the standard of review imposed upon us ... The bar has no effective program to identify, mentor, or eliminate ineffective defense counsel. We all proceed with the fiction that anyone who passes the bar is competent to defend all but capital cases. The result is an institution unable to remedy a problem all recognize as increasing. Our criminal justice system operates on the assumption that both defendant and the State will have able and effective counsel. Unless and until the court of criminal appeals revisits this issue, trial judges and intermediate appellate courts are powerless to ensure that this assumption is justified.

*Devis* v. *State,* 18 S.W.3d 777, 787 & n. 1, (Tex.App.—San Antonio 2000, no pet. h.) (citations omitted). While I join today's majority opinion on the basis of precedent, I take this opportunity to suggest that we reconsider this issue.