Opinion issued May 27, 2004













In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-98-00371-CR
____________

ERIC LENARD SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 694726



 
MEMORANDUM OPINION
                A panel of this court issued an opinion in this case on April 15, 1999. See
Smith v. State, 990 S.W.2d 893 (Tex. App.—Houston [1st Dist.] 1999), rev’d, 17
S.W.3d 660 (Tex. Crim. App. 2000). In that opinion, we concluded that Smith had
rebutted the presumption that he was effectively represented by counsel during the
time for filing a motion for new trial. We thus remanded the case to the trial court for
the appellate timetables to begin anew. Id. at 895–96. 

               The State filed a petition for discretionary review, which the Texas Court
of Criminal Appeals granted. The Court of Criminal Appeals reversed this court’s
opinion and held that the facts in the appellate record did not overcome the
presumption that Smith had been adequately represented by counsel during the time
for filing a motion for new trial. Smith, 17 S.W.3d at 662–63. The Court of Criminal
Appeals remanded the case to us to consider Smith’s remaining points of error. Id.

               On June 28, 2001, this court abated the appeal and remanded the cause to
the trial court for a hearing to determine whether appellant had counsel, and whether
he received effective assistance of counsel during the 30-day period for filing a
motion for new trial. Smith v. State, No. 01-98-00371-CR (Tex. App.—Houston [1st
Dist.] June 28, 2001, order) (not designated for publication) (ordering abatement
based on Jack v. State, 42 S.W.3d 291 (Tex. App.—Houston [1st Dist.] 2001, order)). 
The trial court held a hearing and determined that Smith did not have counsel during
the 30-day time period for filing a motion for new trial. 

               On July 18, 2002, after receiving the trial court’s findings, we abated the
appeal a second time and remanded the cause to recommence the time period in
which to file a motion for new trial. Smith v. State, No. 01-98-00371-CR (Tex.
App.—Houston [1st Dist.] July 18, 2002, order) (not designated for publication)
(ordering abatement based on Jack v. State, 64 S.W.3d 694 (Tex. App.—Houston [1st
Dist.] 2002, order)). The State filed a second petition for discretionary review on July
22. Meanwhile, Smith filed a motion for new trial in the trial court. On September
11, 2002, the trial court granted Smith’s motion for new trial. The Court of Criminal
Appeals subsequently dismissed the State’s second appeal as an appeal from an
interlocutory order, and remanded the case. Smith v. State, No. 1548-02, slip op. at
5 (Tex. Crim. App. Apr. 7, 2004) (designated for publication).

               On May 12, 2004, Smith moved to dismiss the appeal on the basis that the
trial court granted his motion for new trial. The motion is in writing, signed by Smith
and counsel. At the time Smith filed his motion, we had not issued a decision on
remand. Accordingly, the appeal is dismissed as moot. Tex. R. App. P. 42.2(a).

               The clerk of this court is directed to issue the mandate. Tex. R. App. P.
18.1.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).