Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JESUS GARBALENA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00038-CR

Appeal from the

204th District Court

of Dallas County, Texas

(TC# F-9777111-TQ)




O P I N I O N

            Appellant pleaded guilty to the offense of aggravated sexual assault of a child under the
age of fourteen. The court deferred adjudication of guilt and placed Appellant on community
supervision for a period of ten years and assessed a fine of $500. After a hearing upon the State’s
motion to adjudicate guilt, the court adjudicated guilt and assessed punishment at twenty-seven
years’ imprisonment in the Institutional Division of the Texas Department of Criminal Justice. 
We affirm.
I. SUMMARY OF THE EVIDENCE
            On September 22, 2004, the State filed an amended motion to proceed to adjudication. In
the motion, the State alleged that Appellant had violated twelve conditions of probation. Most
pertinent to this cause on appeal is the allegation that Appellant violated condition (a) of his
probation which provided that Appellant, “Commit no offense against the laws of this, any other
State or the United States; do not possess a firearm during the term of probation.” The motion to
adjudicate alleged, in pertinent part, that Appellant, “On or about the 15th day of June, 2003 in
the city of Riverside and state of California, Jesus G. Garbalena did then and there unlawfully,
knowingly and intentionally engage in sexual contact with [complainant] . . . a child then
younger than 17 years . . . by contact between the hand of the defendant and the sexual organ of
complainant, with the intent to arouse and gratify the sexual desire of the defendant.” Appellant
pleaded true to eleven of the violation allegations and untrue to the violation of condition (a).            At the hearing on the motion to proceed to adjudication, the twelve-year-old complainant
testified that when she was ten, she and her mother and two other siblings moved to Kansas City
to live with Appellant. She related that Appellant engaged in sexual contact with her on two
different occasions by rubbing her vagina with his hand and on one occasion by rubbing her
bottom with his penis.
            Appellant had pleaded not true to the sexual contact offenses because the State’s motion
to proceed to adjudication alleged the acts occurred in California when in fact they occurred in
Kansas City. Due to this discrepancy, the court gave Appellant the opportunity to withdraw his
pleas of true to the other allegations, but he declined to do so.
            After the State rested, Appellant testified in his own behalf. He denied that the
allegations of sexual contact were true. He stated that he never touched the complainant in an
inappropriate manner. He also testified in an attempt to ameliorate his violation of the other
terms of probation that he violated. He stated that he stopped reporting to his probation officer
because he had money problems. He moved from Dallas County to Missouri in order to take a
better paying job. He asserted that his wife caused problems because she insisted that they live
together and she and the children moved to Kansas City unannounced on her own initiative. 
Appellant stated that he told his wife that they could not live together, but she did not believe it
was true. He asserted that his inability to comply with the conditions of his probation was the
result of pressure imposed by his wife. Appellant also stated that while he was reporting to his
probation officer, he had always been truthful and it was he who told the probation officer that he
drank a beer in violation of his probation.
            During cross-examination, he admitted that he did not register as a sex offender in
Missouri because he knew he was in violation of his probation. He also conceded that one of the
children living with him in Missouri was the complainant in the underlying charge. Appellant
admitted to having dinner with his wife and children while on probation in Dallas. He asserted
that he had acted in an honest manner and had reported his contact with his children during sex
offender treatment classes without having been asked any questions about those matters.
            After both sides rested, the following exchange occurred:
COURT:What does probation mean to you?
 
APPELLANT:It means a responsibility and try to look for the help that
you need and basically to look things in a positive way. 
 
COURT:You received probation. Is probation another chance?
 
APPELLANT:Yes. I can say it’s my last one.
 
COURT:No. I’m talking about the probation you got when you pled
guilty. Do you consider that your last chance?
 
APPELLANT:At that time I thought of things differently. What I wanted
to was just get out of here.
 
COURT:Did you have responsibilities under the terms of your
conditions of probation?
 
APPELLANT:Yes.
 
COURT:Were you man enough to meet those responsibilities?
 
APPELLANT:Yes, I was. But I didn’t see everything in detail as I did
later and as I do now.

            During closing argument, Appellant’s counsel asked the court to either continue
Appellant on probation or assess a reasonable sentence. The court then sentenced Appellant to
twenty-seven years’ imprisonment.
II. DISCUSSION
            In Appellant’s sole issue, he contends that the court erred in failing to provide a separate
punishment hearing after granting the State’s motion to proceed to adjudication. Initially, we
address the State’s contention that Appellant has waived this issue on appeal.
            The trial court must provide the defendant an opportunity to present evidence in
mitigation of his punishment during a proceeding adjudicating guilt. See Hardeman v. State, 1
S.W.3d 689, 690-91 (Tex.Crim.App. 1999); Issa v. State, 826 S.W.2d 159, 161 (Tex.Crim.App.
1992). To preserve error on this issue, a defendant must timely object, bringing the lack of an
opportunity to present mitigating evidence to the attention of the trial court. Hardeman, 1
S.W.3d at 690. If the defendant has an opportunity to object at the adjudication hearing, he must
do so to preserve error. Id. If the defendant lacked an opportunity to object at the adjudication
hearing, he may preserve error by raising the lack of an opportunity to present mitigating
evidence in a motion for new trial. Id.; Lopez v. State, 96 S.W.3d 406, 414 (Tex.App.--Austin
2002, pet. ref’d).
            Regardless of whether Appellant had an opportunity to object at trial, no motion for new
trial was filed. We note that Appellant cites Smith v. State, 990 S.W.2d 893 (Tex.App.--Houston
[1st Dist.] 1999), reversed, 17 S.W.3d 660 (Tex.Crim.App. 2000) ostensibly in support of his
contention that he was denied a punishment hearing at the hearing on the motion to adjudicate. 
However, the primary holding in the appeals court case was that the accused in that case did not
receive effective assistance of counsel during the filing period for a motion for new trial. Smith,
990 S.W.2d at 895. This holding was reversed by the Court of Criminal Appeals holding that the
record was inadequate to rebut the presumption of adequate representation. Smith, 17 S.W.2d at
663. To the extent, if he is, that Appellant is making such a claim in the instant case, we note the
same infirmity that resulted in the reversal of the Smith case. Allegations of ineffectiveness of
counsel must be firmly founded by the record. Hawkins v. State, 660 S.W.2d 65, 75
(Tex.Crim.App. 1983); Mercado v. State, 615 S.W.2d 225, 228 (Tex.Crim.App. 1981). 
Appellant has brought no record before us to indicate that he received ineffective assistance of
counsel.
            However, even if error were preserved, Appellant had the opportunity to present evidence
in mitigation of punishment before sentence was pronounced. An accused does not have an
absolute right to a separate punishment hearing. Hardeman, 1 S.W.3d at 690. One must simply
be given an opportunity to present evidence in mitigation of punishment if such an opportunity
was not afforded before the adjudication of guilt. Id. at 690-91. In this case, Appellant was
given an opportunity to explain and mitigate his actions and to request a “last” chance from the
court. He was able to explain to the court that he saw things differently at the time of the hearing
than he did when he was placed on probation. Accordingly, the court did not err in failing to
hold a separate punishment hearing. Issue No. One is overruled.
            Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
 
                                                                        DAVID WELLINGTON CHEW, Justice

September 21, 2006

Before Barajas, C.J., McClure, and Chew, JJ.
Barajas, C.J., not participating

(Do Not Publish)