Opinion issued April 5, 2007



     










In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00063-CR




JAMES HAIL BENSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 818465




EN BANC OPINION
          Appellant, James Hail Benson, appeals from the trial court’s judgment that
revoked his deferred adjudication and sentenced him to 12 years in prison and a $500
fine for the second-degree felony of aggravated assault with a deadly weapon. See
Tex. Pen. Code Ann. § 22.02(a)–(b) (Vernon Supp. 2006). In his first issue,
appellant asserts that the trial court erred by failing to appoint appellate counsel in
time for him to file a motion for new trial. He asks that we abate the present appeal
and remand the cause to the trial court for an evidentiary hearing to determine
whether he received effective assistance of counsel during the period for filing a
motion for new trial. In his second and third issues, appellant contends that the 12-year sentence constitutes cruel and unusual punishment and violates his due process
rights. We conclude that the Court of Criminal Appeals has disapproved of our
procedure that requires abatement for an evidentiary hearing, as set forth in Jack v.
State, 42 S.W.3d 291, 294 (Tex. App.—Houston [1st Dist.] 2001, order) (Jack I). See
also Jack v. State, 64 S.W.3d 694, 696–97 (Tex. App.—Houston [1st Dist.] 2002)
(Jack II), pet. dism’d, 149 S.W.3d 119 (Tex. Crim. App. 2004) (Jack III). We decline
to abate the appeal, and hold that appellant has failed on direct appeal to rebut the
presumption that he was represented by trial counsel during the period of time for
filing a motion for new trial. We further hold that he waived the right to complain
about the length of his sentence because he failed to object on those grounds to the
trial court. We affirm.
Procedural Background
          In February 2000, the trial court accepted appellant’s guilty plea and placed
him on five years’ deferred adjudication community supervision for aggravated
assault. About four years later, the State filed a motion to adjudicate appellant’s guilt,
alleging that he committed another aggravated assault with a deadly weapon. 
Appellant, who was represented by appointed attorney John Clark, pleaded not true
to the allegation. Following an evidentiary hearing, the trial court found the
allegation true. In the punishment phase of the hearing, no additional evidence was
introduced, but each side made a closing argument, with the State requesting a
sentence near the maximum of 20 years and appellant’s attorney asking for a sentence
in the range of five or six years. The trial court sentenced appellant to 12 years in
prison and a $500 fine on July 20, 2004. After appellant was sentenced, his trial
counsel neither objected to the sentence, nor filed a motion to withdraw from the
case, nor filed anything else with the trial court. 
          Nine days after sentencing, appellant filed a pro se notice of appeal. 
Appellant’s pro se notice of appeal states, “Appellant, an indigent, prays for the
setting of APPEAL BOND, and NOT BEING REPRESENTED BY COUNSEL
SINCE SENTENCING also prays for the APPOINTMENT OF APPELLATE
COUNSEL.” On January 14, 2005, almost five months after appellant filed the notice
of appeal, the trial court certified appellant’s right of appeal,


 which included the
notation that appellant’s attorneys were “J. Clark/J. Guerinot.” On February 18,
2005, appellant filed a pro se motion in this Court requesting an extension of time to
file a pro se brief. 
          On March 7, 2005, we abated the appeal. In our order of abatement, we stated,
“The problem is that appellant is not represented by counsel on appeal.” (Emphasis 
added.) We ordered the trial court to conduct a hearing to determine whether
appellant wished to pursue the appeal and whether appellant was indigent. Our order
required the trial court to appoint appellate counsel for appellant if appellant desired
to pursue the appeal and was found to be indigent. On April 15, 2005, the trial court
conducted the hearing that was ordered by our abatement. At the hearing, the trial
court found appellant to be indigent and appointed appellate counsel for appellant. 
At the time that appellate counsel was appointed, the trial court judge stated, “Well,
I don’t know why you weren’t appointed a lawyer on appeal . . . because you should
have been appointed a lawyer . . . .” (Emphasis added.) The hearing following our
March 7 abatement did not address whether appellant was represented by trial
counsel during the 30-day-window for filing a motion for new trial; rather, it
concerned only whether appellant was represented by appointed counsel to pursue the
appeal.
          After we reinstated the appeal, appellant’s newly appointed appellate counsel
filed an appellate brief that requested a second abatement of the case, citing to Jack I
and Jack II. See Jack I, 42 S.W.3d at 294; Jack II, 64 S.W.3d at 696–97. On July
19, 2006, we issued an order that abated this cause for a second time. Our order
stated, “We abate the appeal and remand the cause for a hearing to determine whether
appellant had counsel, and whether he received ineffective assistance of counsel,
during the 30-day period for filing a motion for new trial.” While the first abatement
order instructed the trial court to address appellant’s lack of representation by
appellate counsel for the appeal, in the second abatement we instructed the trial court
to address appellant’s purported lack of representation by trial counsel during the 30-day period for filing a motion for new trial. In our order abating the case for the
second time, we stated, “Once the appeal is reinstated, we will rule on appellant’s
request to file an out-of-time motion for new trial.” We therefore did not rule on the
merits of whether we would allow appellant to file an out-of-time motion for new
trial, which was the ultimate remedy sought by appellant. Instead, we opted to wait
to decide that issue until after the trial court conducted an evidentiary hearing on
whether appellant was represented by trial counsel during the 30-day window for
filing a motion for new trial.
          The State filed a motion to reconsider the order that abated the case for a
second time. Upon the State’s motion requesting rehearing, and after requesting a
response from appellant, we withdrew the order abating this case, and reinstated the
appeal on September 6, 2006. The trial court, therefore, never conducted the
evidentiary hearing that had been ordered in the second abatement, concerning
whether appellant was represented by trial counsel during the 30-day-window for
filing a motion for new trial. 
Representation During Window for Filing Motion for New TrialIn his first issue, appellant contends that he was denied his right to counsel at
a critical stage of the proceedings against him—the period of time for filing a motion
for new trial—because the trial court failed to appoint appellate counsel immediately
after sentencing. Appellant requests remand of the cause to the trial court with
instructions that appellant be permitted to file a motion for new trial and for the trial
court to conduct a hearing on the motion. The State responds that we should
discontinue our practice of abating appeals for the trial court to determine whether
appellant was deprived of counsel during the period of time for filing a motion for
new trial because we lack statutory or procedural authority to do so, and because the
Court of Criminal Appeals has disapproved of the practice.
A. Time Period for Filing Motion for New Trial is Critical Stage of Proceeding

          A defendant has a right to file a motion for new trial, but must do so no later
than 30 days after sentence is imposed. See Tex. R. App. P. 21.4(a). A trial court has
75 days from the imposition of sentence to rule on the motion for new trial. Tex. R.
App. P. 21.8(a).
          Although a motion for new trial is not required in order to present a point of
error on appeal, see Tex. R. App. P. 21.2, a hearing on the motion serves to develop
evidence that is not otherwise in the record. See Oldham v. State, 977 S.W.2d 354,
361 (Tex. Crim. App. 1998) (en banc). Motions for new trial have been used
primarily for claims of newly discovered evidence or jury misconduct, and are helpful
for developing evidence of a trial attorney’s ineffective assistance of counsel,
particularly when the issues concern a claim that is premised on a trial attorney’s
failure to act. See id. at 361–62. 
          Texas courts of appeals have held the period for filing a motion for new trial
is a critical stage at which a defendant is entitled to counsel. See Prudhomme v. State,
28 S.W.3d 114, 119 (Tex. App.—Texarkana 2000, order), disp. on merits, 47 S.W.3d
683 (Tex. App.—Texarkana 2001, pet. ref’d); Hanson v. State, 11 S.W.3d 285,
288–89 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d); Massingill v. State, 8
S.W.3d 733, 736–37 (Tex. App.—Austin 1999, order), disp. on merits, Nos. 03-99-00301-CR, 03-99-0302-CR, 2000 WL 564168 (Tex. App.—Austin, May 11, 2000,
pet. ref’d) (not designated for publication); Burnett v. State, 959 S.W.2d 652, 656
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). When a defendant is deprived of
effective counsel during the period for filing a motion for new trial, the remedy is to
reset the appellate time limits. See Ward v. State, 740 S.W.2d 794, 800 (Tex. Crim.
App. 1987) (en banc). Here, appellant did not file a motion for new trial, but in his
brief he contends that had he been represented by counsel after sentencing, he would
have filed a motion for new trial alleging ineffective assistance of trial counsel. If
appellant was deprived of effective counsel during the window for filing a motion for
new trial, then our remedy would be to reset the appellate time periods to allow him
to file the motion for new trial. See id. We determine whether appellant was
deprived of effective counsel during the window for filing a motion for new trial by
applying the rebuttable presumption set forth by the Court of Criminal Appeals. See
id. at 798.
B. Appellate Courts Must Presume that Trial Counsel Continues Representation
          1. The Presumption
          “Appointed trial counsel remains as the defendant’s counsel for all purposes
until he is expressly permitted to withdraw, even if the appointment was for the trial
only.” Id. “[I]t is abundantly clear that an appointed attorney’s legal responsibilities
do not magically and automatically terminate at the conclusion of the trial . . . The
continuity of representation from trial to appeal is necessary to correct the ambiguity
of representation which all too often follows a conviction.” Id. at 796–97. “[T]rial
counsel, retained or appointed, has the duty, obligation, and responsibility to consult
with and fully to advise his client concerning meaning and effect of the judgment
rendered by the court, his right to appeal from that judgment, and the necessity of
giving notice of appeal and taking other steps to pursue an appeal, as well as
expressing his professional judgment as to possible grounds for appeal and their
merit, and delineating advantages and disadvantages of appeal.” Ex Parte Axel, 757
S.W.2d 369, 374 (Tex Crim. App. 1988) (en banc). 
          Our appellate review, therefore, begins with the presumption that trial counsel
continued to effectively represent appellant during the window for filing a motion for
new trial. See Ward, 740 S.W.2d at 798; Oldham, 977 S.W.2d at 361. Further, we
presume that the reason that a motion for new trial was not filed was because the
appellant considered filing it but opted not to file it. Oldham, 977 S.W.2d at 363
(“When a motion for new trial is not filed in a case, the rebuttable presumption is that
it was considered by the appellant and rejected.”). The presumption that trial counsel
continued to represent the appellant, however, may be rebutted. See id. 
          2. Evidence Necessary to Rebut Presumption
          If a defendant rebuts the presumption by showing that he was not adequately
represented during the period for filing a motion for new trial, then the remedy is to
abate the proceedings and restart the appellate timetable. See Ward, 740 S.W.2d at
800. The burden to produce evidence to rebut the presumption falls on the appellant. 
See Oldham, 977 S.W.2d at 363. 
          To defeat the presumption, the record must show more than the mere facts that
•appellant filed a pro se notice of appeal and indigency;
 
•the trial court noted that the appellate attorney was “to be
determined”;
 
•the trial court appointed appellate counsel after the expiration of
the time for filing a motion for new trial; 
 
•on appeal, appellant claims that he would have complained about
ineffective assistance of counsel in a motion for new trial, had
one been presented; 
 
•appellant appeared in court without counsel when he signed the
pauper’s oath requesting appointed appellate counsel; and
 
•the record shows no activity by trial counsel or any motion to
withdraw from the case.

Oldham, 977 S.W.2d at 362–63 (holding that facts that Oldham filed pro se notice
of appeal and indigency, that trial court noted that attorney of record on appeal was
“to be determined,” that trial counsel did not withdraw from case or conduct any
activity after Oldham was sentenced, and that trial court appointed appellate counsel
after expiration of window for filing motion for new trial, were insufficient to rebut
presumption that trial counsel continued to represent appellant during window for
filing motion for new trial); Smith v. State, 17 S.W.3d 660, 662–63 (Tex. Crim. App.
2000) (Smith II) (reversing Smith v. State, 990 S.W.2d 893 (Tex. App.—Houston
[1st Dist.] 1999) (Smith I)) (holding that facts that Smith filed pro se notice of appeal,
that trial court appointed appellate counsel after expiration of window for filing
motion for new trial, that Smith was brought to court without counsel when he signed
pauper’s oath to receive appointed appellate counsel, and that Smith complained
about ineffective assistance of counsel that he claims he would have developed at
motion for new trial hearing, were insufficient to rebut presumption that trial counsel
continued to represent appellant during window for filing motion for new trial).
          In Oldham, the Court of Criminal Appeals explained why each of these facts
was insufficient to rebut the presumption of continued representation by trial counsel.
Oldham, 977 S.W.2d at 362–63. Concerning the fact that appellant filed a pro se
notice of appeal, the Court of Criminal Appeals explained that the filing of the notice
of appeal is evidence that the appellant was informed of at least some of his appellate
rights. Id. at 363. Other circumstances that show an absence of representation by
appellate counsel do not translate into an absence of representation by trial counsel,
who is presumed to have continued to effectively represent the appellant, “unless the
record affirmatively displays otherwise.” See id. at 362–63. The court concluded in
Oldham that “the record shows that the appellant was officially represented by
counsel at all times in the litigation, and the appellant has failed to overcome the
presumption that counsel was acting effectively at all times.” Id. at 363. 
          The Court of Criminal Appeals’ decisions in Oldham and Smith thus require
that appellate courts presume that the appellant was represented by counsel during the
window for filing a motion for new trial unless the defendant rebuts the presumption. 
However, in Jack I we declined to apply the presumption immediately, and instead
ordered the abatement of the appeal for a factual determination by the trial court to
determine whether appellant was represented by counsel during the window for filing
a motion for new trial. Jack I, 42 S.W.3d at 294. We then applied the Oldham and
Smith presumptions after abatement of the case. Id. at 292–94. Because the State is
requesting that we discontinue these abatements, we review in more detail the Jack
decisions.
C. The Jack Decisions 
1. Jack I Requires an Initial Abatement by Appellate Court
           In Jack I, we held that “an abatement is proper to allow appellant the
opportunity to rebut the rebuttable presumption that he was effectively represented
by [his trial counsel] during the 30-day period after [sentencing].” Id. at 293. We
remanded “the cause for a hearing to determine whether appellant had counsel, and
whether he received effective assistance of counsel, during the 30-day period for
filing a motion for new trial.” Id. at 294. In opting to abate the case, we expressly
declined to apply the Smith and Oldham presumption at that time, noting instead that
we would carry the issue. Id. at 293.
          We did not set out a test for determining when abatement was warranted,
commenting only that, “Whether abatement is appropriate will depend, of course, on
the facts of each case” and that “it is appropriate in this case.” Id. at 294. In Jack I,
we observed that, “Everything in the record indicates that appellant was not assisted
by counsel during the 30-day critical stage for filing a motion for new trial.” Id. at
293. We referred to the record that showed that 
•the trial judge made a statement on the docket sheet that indicated
that an attorney on appeal was to be appointed;
 
•the district clerk made a statement in a letter to the court of
appeals stating that the attorney of record for the appeal was to be
determined;
 
•appellant and his appellate attorney’s motion to abate the appeal 
indicated that had appellate counsel been appointed within the 30-day critical stage for filing a motion for new trial, she would have
filed a motion for new trial alleging ineffective assistance of trial
counsel because trial counsel did not subpoena material
witnesses;


 and
 
•trial counsel did not file a motion for new trial, or move to
withdraw from the case.

Id. at 292. We stated in Jack I that, “The present record may be stronger in some
respects for appellant than the record in Smith,” but we opted to abate the case rather
than to “‘determine’ the facts based upon the present record, nor yet grant the motion
for an out-of-time motion for new trial.” Id. at 293. 
          Based on the record in the direct appeal of Jack I, the only difference between
the Jack cases, Oldham, and Smith appears to be that in the Jack cases, the defendant
did not file a pro se notice of appeal, as opposed to Oldham and Smith, who did file
pro se notices of appeal. See id. at 292. If Jack I controls this case, therefore, we
must abate the appeal for a factual determination to be conducted by the trial court
on the issue of whether appellant was represented by counsel during the period for
filing a motion for new trial, and we may not apply the presumption in Oldham and
Smith until after such an abatement occurs. See id. at 293. Stated more plainly, Jack
I requires that we defer the presumption—that the defendant was effectively
represented by counsel during the period for filing a motion for new trial—until after
the case is abated to the trial court where additional facts will be acquired, but the
Court of Criminal Appeals in Oldham and Smith requires that we immediately apply
the presumption based on the evidence that is available in the direct appeal, without
abating for additional facts. In short, in Jack I we added a step to the appellate
process. 
          2. Jack II Requires a Second Abatement by Appellate Court 
          After the abatement in Jack I, the trial court conducted the evidentiary hearing
that we ordered, and it entered findings of fact and conclusions of law concerning
trial counsel’s representation of Jack during the period for filing a motion for new
trial.


 Jack II, 64 S.W.3d at 695–96. We then lifted the order of abatement. It was
not until after we lifted the order of abatement that we applied the Court of Criminal
Appeals’ presumption that trial counsel continued to effectively represent Jack during
the window for filing a motion for new trial. See id. at 696. We determined that the
evidence presented to the trial court during the first abatement was sufficient to rebut
the presumption that trial counsel continued to represent Jack during the period for
filing a motion for new trial. Id. We held, “[t]he proper remedy is to abate the appeal
and remand the cause to recommence the time period for filing a new trial motion.”
Id. at 697. In short, in Jack II, we restarted the appellate timetable and ordered that
the case be abated to allow Jack the opportunity to file a motion for new trial and
request a motion for new trial hearing. 
          Jack II was a per curiam order. En banc review was requested and a majority
of the court denied the request, with several justices dissenting. The State filed a
petition for discretionary review of our Jack II decision, which the Court of Criminal
Appeals addressed in Jack III. See Jack III, 149 S.W.3d at 123. 
          3. Jack III
          After initially granting the petition for discretionary review, the Court of
Criminal Appeals dismissed the petition because it concluded that the order was
interlocutory. Id. at 123–25. However, in discussing its procedural posture, the
Court of Criminal Appeals criticized the abatement procedure employed by our court. 
Id. at 121–23. The court said, “The First Court of Appeals explicitly stated that it was
not relying upon Tex. R. App. P. 2, but it did not state what rule that it was relying
upon.” Id. at 121 (emphasis in original).


 The Court of Criminal Appeals referred to
Justice Taft’s dissent in Jack II, as follows:
Although agreeing that the “double abatement” procedure might be an
admirable exercise in equity, Justice Taft dissented because the court
had no “authority to create a new abatement mechanism, even to achieve
a just result.” . . . He stated that “The [original abatement] order set an
ill-advised judicial precedent by adding a new, time-consuming step to
the appellate process without citing any supporting authority on point,”
and argued that “the double abatement procedure established in our
order does not conserve judicial resources.”

Id. at 122. After quoting Justice Taft’s dissent, the Court of Criminal Appeals
observed that the abatement procedure in Jack did not conserve judicial resources, but
rather “had the opposite effect” because “[b]y twice remanding the case, the
beginning of the appellate timetable had already been delayed by more than eighteen
months.” Id. The court held that it could not review the interlocutory decision,
“[r]egardless of the validity of the procedure ordered by the court of appeals[.]” Id.
at 125. But, citing its decisions in Ward, Oldham, and Smith, the Court of Criminal
Appeals observed that “the State is correct” that it “has thrice reviewed this out-of
time motion for new trial abatement procedure and has held, in those cases, that the
Rules of Appellate Procedure did not permit this practice.” Id. at 123–24.
          Although the Court of Criminal Appeals held that its review of the abatement
procedure in Jack II was interlocutory, it repeatedly criticized our decision by noting
that the abatement was not authorized by the Rules of Appellate Procedure. See id.
at 124. We thus conclude that the Court of Criminal Appeals has disapproved of the
abatement procedure used in Jack I and Jack II and questioned our legal authority to
abate the appeals in that case. Id. In view of its disapproval, and its observation that
the Jack procedure does not comport with the Court of Criminal Appeals’ decisions
in the area, we follow the pronouncements of our superior court as stated in Jack III,
and hold that, in view of those pronouncements, the precedential value of Jack I
and Jack II has been abrogated.


 We therefore abandon the abatement procedure used
in Jack I. See Jack I, 42 S.W.3d at 294.


 
D. The Relief Requested by Appellant
          The dissenting opinions contend that our decision to abandon the abatement
procedure used in Jack I is advisory because appellant never sought a Jack I
abatement, and instead requested only a Jack II abatement to reset the appellate
timetables. See id.; Jack II, 64 S.W.3d at 696–97. This is incorrect for two reasons. 
First, appellant’s original appellate brief requests relief under Jack I and Jack II. 
Appellant states, “Appellant prays that this Honorable Court enter the following order
of relief [citation to authority]: That this appeal be ABATED under the abatement
procedures outlined in Jack v. State, 42 S.W.3d 291 (Tex. App.— Houston [1st Dist.]
2001) [Jack I] and subsequent order 64 S.W.3d 694 (Tex. App.— Houston [1st Dist.]
2002), [Jack II] and the cause be REMANDED back to the trial court . . . .” 
Appellant thus precisely cited to Jack I in his request for an abatement. 
          Secondly, even if we assumed that appellant had not requested an abatement
under Jack I by requesting only a Jack II abatement for the resetting of the appellate
timetables, we are required to follow the applicable law that controls an issue. In
Jack I, we stated, “Everything in the record indicates that appellant was not assisted
by counsel during the 30-day critical stage for filing a motion for new trial.” Jack I,
42 S.W.3d at 293 (emphasis added). But rather than conclude in Jack I that Jack had
rebutted the presumption in his presentation of the case in the direct appeal, we
abated the case for Jack to have an evidentiary hearing on the issue of whether trial
counsel abandoned him. Id. at 293–94. We said in Jack I that we should abate when
“it is appropriate” depending on “the facts of each case.” Id. at 294. Therefore, even
if we assumed that appellant did not request an abatement under Jack I, we would still
have to apply the precedent of this Court, which includes the requirement that we
abate for an evidentiary hearing, even when “[e]verything in the record indicates that
appellant was not assisted by counsel during the 30-day critical stage for filing a
motion for new trial.” See id. at 293. Our decision thus is not advisory, because
unless we abandon the Jack I abatement procedure, our precedent would require that
we abate under Jack I before we could abate under Jack II. Our decision today to
abandon the Jack I abatement procedure requires that we now apply the presumptions
set forth in Oldham and Smith to the facts that are currently available in the record
before us. See Oldham, 977 S.W.2d at 362–63; Smith II, 17 S.W.3d at 662.
E. Application to Appellant
          Under Oldham and Smith, we must determine whether the record evidence is
sufficient to rebut the presumption that appellant was effectively represented by
counsel during the post-trial period for filing a motion for new trial. Oldham, 977
S.W.2d at 362–63; Smith II, 17 S.W.3d at 662. With one exception, the facts here are
identical to those in Oldham and Smith. Oldham, 977 S.W.2d at 362–63; Smith II, 17
S.W.3d at 662. Like Oldham and Smith, appellant filed a pro se notice of appeal and
indigency, and the trial court appointed appellate counsel after the expiration of the
window for filing a motion for new trial. See Oldham, 977 S.W.2d at 355; Smith II,
17 S.W.3d at 661. Also as in Oldham, trial counsel did not withdraw from the case
or conduct any activity after the trial court sentenced appellant. See Oldham, 977
S.W.2d at 362–63. Further, no appellate attorney was appointed by the trial court
when either Oldham or appellant was sentenced, with Oldham’s attorney “to be
determined” and appellant’s attorney being appointed after an abatement to determine
who his counsel was because no appellate attorney was appointed for the appeal. See
id. at 355. Also, as in Smith, appellant contends on appeal that he would have
developed his complaint of ineffective assistance of counsel at a motion for new trial
hearing. See Smith II, 17 S.W.3d at 661.
          The only fact that is dissimilar to Oldham and Smith is appellant’s statement
in his pro se notice of appeal. Appellant’s pro se notice of appeal, filed nine days
after he was sentenced, included the statement, “NOT BEING REPRESENTED BY
COUNSEL SINCE SENTENCING [appellant] also prays for the APPOINTMENT
OF APPELLATE COUNSEL.” Appellant presents this Court only with the
conclusory statement, made nine days after he was sentenced, that he had not been
“represented since sentencing.” According to the dissenting opinions, when a
defendant asserts that he has not been “represented since sentencing,” that statement
is sufficient, in and of itself, to require that the appellate timetables be reset. We
disagree. 
          Appellant does not assert that trial counsel failed to consult with and fully
advise appellant about the “meaning and effect of the judgment rendered by the
court.” See Ex Parte Axel, 757 S.W.2d at 374. Appellant does not allege that trial
counsel failed to consider or discuss the option of filing a motion for new trial, or that
he refused to file one, or even that appellant made such a request. See generally
Burnett v. State, 959 S.W.2d 652, 659 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d). Appellant further does not argue that trial counsel failed to express his
professional judgment as to possible grounds for appeal and their merit, or failed to
delineate advantages and disadvantages of appeal. See Ex Parte Axel, 757 S.W.2d at
374. 
          In short, appellant did not represent to the trial court—nor does he or his
counsel represent to this Court—that trial counsel failed to advise him of his right to
file a motion for new trial, to appeal from the trial court’s judgment or the necessity
of giving notice of appeal, or refused to take such actions after discussing them with
appellant. As the Court of Criminal Appeals has noted, the filing of the notice of
appeal is evidence that the appellant was informed of at least some of his appellate
rights. See Oldham, 977 S.W.2d at 363. 
          In Burnett, we considered appellant’s statement made in a notice of appeal that
claimed that trial counsel told him that he needed to “write this letter to appeal the
length of sentence” and concluded that the statement was insufficient to establish
deprivation of counsel. Burnett, 959 S.W.2d at 659. We said in Burnett, “For all we
know, trial counsel told appellant about a panoply of appellate rights, rules, odds of
success, and left it up to appellant to contact counsel if appellant wanted to appeal.” 
Id. Like Burnett, the record here is insufficient to rebut the presumption that trial
counsel advised appellant about his appellate rights, rules, and odds of success. It is
further insufficient to rebut the presumption that trial counsel acted in accordance
with his continuing duty to represent his client. Id.
          We cannot conclude that appellant’s conclusory statement is sufficient to rebut
the presumption that trial counsel continued to represent him effectively. See
Oldham, 977 S.W.2d at 362–63; see also Buerger v. State, 60 S.W.3d 358, 362 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d) (disapproving of conclusory affidavits). 
We must presume that counsel who represented appellant at the motion to adjudicate
hearing “adequately counseled” appellant and continued to represent him during the
window for filing a motion for new trial See id. at 363. We must further presume
that appointed trial counsel discussed with appellant the option of filing a motion for
new trial and that appellant chose not to file one. See id. We hold that the record
shows that appellant was officially represented by counsel at all times in the
litigation, and appellant has failed to overcome the presumption that counsel was
acting effectively at all times. See id.; see also Smith II, 17 S.W.3d at 662.
          We overrule appellant’s first issue.
Waiver of Sentencing Complaints
          In his second issue, appellant contends that his 12-year sentence for the offense
of aggravated assault with a deadly weapon constitutes a cruel and unusual
punishment prohibited by the Eighth Amendment. See U.S. Const. amend. VIII. In
his third issue, appellant contends that the 12-year sentence violated his due process
rights under the Texas Constitution. See Tex. Const. art. I, § 19. 
          An appellant must present to the trial court a timely, specific objection and
obtain an adverse ruling to preserve for appeal his complaints concerning cruel and
unusual punishment and violation of due process rights. See Tex. R. App. P. 
33.1(a)(1)(A); Alexander v. State, 137 S.W.3d 127, 130–31(Tex. App.—Houston [1st
Dist.] 2004, pet. ref’d) (holding failure to object to trial court of violations of federal
and state due process rights waives appellate review of those claims); Solis v. State,
945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (holding
failure to object to trial court that sentence is grossly disproportionate to offense and
violates federal and state constitutional guarantees against cruel and unusual
punishment waives appellate review of those claims). 
          The record contains no objections by appellant concerning his 12-year
sentence. We conclude that appellant waived his challenge to his 12-year sentence
by failing to assert objections on the grounds that the sentence constitutes cruel and
unusual punishment and violates his due process rights.
          We overrule appellant’s second and third issues. 
 

Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                                        Elsa Alcala
                                                                        Justice

Panel consisted of Justices Keyes, Alcala, and Bland.

En banc consideration was requested. Tex. R. App. P. 41.2(c)

A majority of the Court voted for en banc consideration.

The en banc court consists of Chief Justice Radack and Justices Taft, Nuchia,
Jennings, Keyes, Alcala, Hanks, Higley, and Bland.

Justice Alcala, writing for the majority of the en banc Court, joined by Chief Justice
Radack and Justices Taft, Nuchia, Hanks, Higley, and Bland.

Justice Jennings, dissenting.

Justice Keyes, dissenting.

Publish. Tex. R. App. P. 47.2(b).