Affirmed and Memorandum Opinion
filed December 7, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00862-CR



Raymond Lee
Bates, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 232nd District Court

Harris County, Texas

Trial Court
Cause No. 1220664



 

MEMORANDUM OPINION 

Appellant Raymond Lee Bates challenges his conviction
for the felony offense of making a false statement to obtain credit on the
ground that his counsel was ineffective.  We affirm.

BACKGROUND

Appellant pleaded guilty to the first degree felony
offense of making a false statement to obtain credit without an agreed
recommendation on punishment.[1] 
On October 2, 2009, the trial court sentenced him to five years’ imprisonment. 
On that same date, his retained attorney filed a notice of appeal, requested
bail pending appeal for appellant, and moved to withdraw from the case.  The
trial court set an appeal bond of $30,000 and granted appellant’s trial attorney’s
motion to withdraw.  The trial court further found that appellant was not
indigent and thus did not appoint counsel for him on appeal.

On December 3, 2009, this Court abated this appeal
because the reporter’s record had not been filed.  We ordered the trial court
to conduct a hearing to determine whether appellant desired to prosecute his
appeal and, if so, whether he was indigent and entitled to a free record and
appointed counsel on appeal.  The trial court conducted this hearing on
December 17, 2009.  Appellant informed the trial court that he wanted to
prosecute his appeal, was not indigent, and had hired counsel to represent him
on appeal.  This appeal was thereafter timely filed.

ANALYSIS

Appellant entitles his issue “Point of Error
One-Six.”  However, the issue he presents is not divided into six points. 
Instead, this issue reads in its entirety as follows:

When a defendant shows that his trial attorney filed a
Notice of Appeal but failed to advise a defendant about any timelines or
post-judgment motions for the defendant’s consideration. And the trial court
failed to advise of his right to file a Motion for new trial.  Should the
appeal be abated and the appellate timetable be restarted?

First, we note that appellant asserts that the trial
court failed to advise him of his right to file a motion for new trial.  This
assertion is (a) not supported by any record references and (b) not supported
by any legal authority.  Thus, this issue has not been properly briefed and we
do not consider it.  See Tex. R. App. P. 38.1(i).  Second, appellant
requests that we abate his appeal and reset the appellate timetable, apparently
under the authority of Texas Rule of Appellate Procedure 2.  Tex. R. App. P. 2
(“On a party’s motion or on its own initiative an appellate court may—to
expedite a decision or for other good cause—suspend a rule’s operation in a
particular case and order a different procedure. . . .”).  However, the Court
of Criminal Appeals held in Oldham v. State that “using [Texas Rule of
Appellate Procedure] 2(b) to suspend or enlarge appellate time limits which
regulate the orderly and timely process of moving a case from trial to finality
of conviction is overstepping the contemplated uses of Rule 2(b).”  977 S.W.2d
354, (Tex. Crim. App. 1998).  Likewise, in Smith v. State, the Court of
Criminal Appeals again declined to enlarge the appellate timetable for the
filing of a motion for new trial.  17 S.W.3d 660, 661 (Tex. Crim. App. 2000). 
We thus conclude that, under the circumstances presented here, we may not use
the authority of this rule to abate this appeal and restart the appellate
timetable.  We thus turn to what appears to be appellant’s main issue:  whether
his counsel was ineffective for failing to advise him of his right  to file a
motion for new trial.[2]

We apply a two prong test in reviewing claims of
ineffective assistance of counsel.  See Perez v. State, 310 S.W.3d 890,
893–94 (Tex. Crim. App. 2010) (citing Strickland v. Washington, 466 U.S.
668, 687–88, 694 (1984)).  To prove ineffective assistance, an appellant must
demonstrate that (1) his counsel’s performance was deficient because it fell
below an objective standard of reasonableness, and (2) there was a reasonable
probability that, but for counsel’s errors, the result of the proceeding would
have been different.  Id.

Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  Appellant bears the burden of proving by a preponderance of
the evidence that counsel was ineffective.  Id.  Failure to show either
prong of the Strickland test defeats an ineffectiveness claim.  Id.  








Here, appellant asserts that his trial counsel was
ineffective because he did not file a motion for new trial and withdrew without
properly advising appellant of his right and the deadline to file such a
motion.  The time for filing a motion for new trial is a critical stage of the
proceeding, and a defendant has a constitutional right to counsel during the
period.  Cooks v. State, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). 
Generally, when a defendant is represented by counsel during trial, there still
exists a rebuttable presumption that this counsel continued to adequately
represent the defendant during this critical stage.  Id.  Even when a
defendant rebuts this presumption, this deprivation of counsel is subject to a
harmless error or prejudice analysis.  Id.  To show harm or prejudice,
appellant must demonstrate he had a facially plausible claim that he was unable
to present to the trial court in a timely filed motion for new trial and to
make a record for appellate review.  Id. at 912.

First, nothing in our record indicates that appellant’s
trial counsel failed to discuss filing a motion for new trial with appellant and
that appellant considered and rejected the idea.  See Smith, 17 S.W.3d at
662.  The only relevant information in our record is that his counsel withdrew
on the day appellant was sentenced after filing a notice of appeal and
requesting an appeal bond, and that the trial court determined that appellant
was not indigent.  Appellant has provided no record support establishing that
his trial counsel did not inform him of his right to file a motion for new
trial and the appropriate timelines for doing so before withdrawing.  Appellant
simply may have failed to obtain new counsel during that critical time period. 
Thus, our record does not affirmatively demonstrate that appellant’s trial
counsel’s performance was deficient.  See Thompson, 9 S.W.3d at 813. 

Moreover, even if appellant rebutted the presumption
that his counsel adequately represented him during the critical time for filing
a motion for new trial, appellant pleaded guilty in this case and has not
stated on what, if any, basis a new trial would be appropriate.  Accordingly,
he has not demonstrated that he had a facially plausible claim that he could
not present to the trial court in a timely filed motion for new trial.  Cooks,
240 S.W.3d at 911–12.  In other words, he has not shown that he was harmed or
prejudiced by being deprived of counsel during this critical time.  Id.;
cf. Perez, 310 S.W.3d at 894 (stating second prong of Strickland
test, i.e., appellant must demonstrate there is a reasonable probability
that, but for his counsel’s deficient performance, the result of the proceeding
would have been different). 

Appellant has failed to establish that his trial
counsel’s performance was deficient or that this deficient performance prejudiced
him.  We thus overrule his issue(s) and affirm the trial court’s judgment.  

                                                                        

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel
consists of Chief Justice Hedges, Justice Yates, and Senior Justice Mirabal.*

 

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The trial court admonished appellant that the range of punishment for this
offense was “5 years to 99 years o[r] life.”





[2]
Although this issue is not identified in appellant’s initial statement of his
points of error, in the section of his brief entitled “Argument and
Authorities,” he states his issue as:  “POINTS OF ERROR ONE-SIX:  INEFFECTIVE
ASSISTANCE OF COUNSEL[.]”





* Senior Justice Margaret Garner Mirabal
sitting by assignment.