Affirmed and Opinion filed May 23, 2002









Affirmed and Opinion filed May 23, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00994-CR

____________

 

RAY ALLEN JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 9th District Court

Waller County, Texas

Trial
Court Cause No. 00-06-10273

 



 

M E M O R A N D U M  O
P I N I O N

Appellant entered a plea of no contest, without an agreed
recommendation as to punishment, to the felony offense of driving while
intoxicated.  Appellant waived a
pre-sentence investigation report, and on July 13, 2001, the trial court
sentenced him to confinement for ten years, probated for ten years, and
assessed a fine of $2,500.  








Appellant was represented by retained counsel on appeal, who
filed a brief in which, after reviewing the record, he concluded that the
appeal is wholly frivolous and without merit, purportedly under the authority
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).  The Anders procedural safeguards are
not applicable, however, to an appellant who is represented by a retained
attorney.  See Nguyen v. State, 11
S.W.3d 376, 379 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  

Appellant=s counsel filed a motion to withdraw, which the Court
granted, after assuring his compliance with Texas Rule of Appellate Procedure
6.5.  The Court ordered the Anders
brief stricken and gave appellant thirty days to obtain new counsel to file a
brief on his behalf or to file a pro se brief. 
Appellant requested and received and extension of time to file his
brief.  On May 6, 2002, appellant filed a
pro se brief in which he asserts one point of error alleging ineffective
assistance by his trial counsel.  

The two‑pronged test for claims of ineffective
assistance of counsel is set out by the United States Supreme Court in Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), and adopted for Texas
constitutional claims in Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App.1986).  To prove ineffective
assistance of counsel, appellant must show that (1) his counsel=s representation fell below an
objective standard of reasonableness and (2) there exists a reasonable
probability that, but for his counsel's unprofessional errors, the outcome
would have been different.  Hernandez,
726 S.W.2d at 57.  Any judicial review of
an ineffective assistance claim must be highly deferential to trial counsel and
avoid the deleterious effects of hindsight. 
See Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).

In his pro se brief, appellant asserts that his trial counsel
was ineffective in failing to inform him of a plea bargain offer made after
appellant had initially been charged with a misdemeanor offense, before the
grand jury returned a felony indictment. 
He asserts that a defendant has the right to be informed about plea
bargain offers as part of his participation in the decision-making process
surrounding his defense, citing Ex Parte Wilson, 724 S.W.2d 72, 74 (Tex.
Crim. App. 1987).








The record is devoid of any indication of a plea bargain
offer.  In addition, no motion for new
trial was filed, and consequently, no hearing was held in which a record of
appellant=s claim could be developed.  When a motion for new trial has not been
filed in a case, there is a rebuttable presumption that the filing of the motion
was considered by the appellant and rejected. 
Smith v. State, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000).  Any allegation of ineffective assistance of
counsel must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The record is best developed by an
application for a writ of habeas corpus or a motion for new trial.  Jackson v. State, 973 S.W.2d 954, 957
(Tex. Crim. App. 1998).  For example, in Wilson,
cited by appellant, the ineffective assistance claim was substantiated through
an evidentiary hearing on an application for writ of habeas corpus.  724 S.W.2d at 73.  In the absence of support in the record,
appellant has not met his burden to establish ineffective assistance of
counsel.  Accordingly, we overrule
appellant=s sole point of error.

Moreover, we have reviewed the entire record on appeal and
agree with appellant=s former appellate attorney that the appeal lacks merit.  Appellant entered a plea of no contest, and
the record reflects that appellant was fully admonished of the consequences of
his plea pursuant to Article 26.13 of the Texas Code of Criminal
Procedure.  The sentence imposed is
within the statutory range of punishment, and the record reflects no
jurisdictional errors.  Accordingly, we
affirm the judgment of the trial court. 

 

PER CURIAM

 

Judgment rendered and Opinion
filed May 23, 2002.

Panel consists of Chief Justice
Brister and Justices Anderson and Frost.

Do not publish C Tex. R. App. P. 47.3(b).