Affirmed and Memorandum Opinion filed June 20, 2006









Affirmed
and Memorandum Opinion filed June 20, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00532-CR

____________

 

HEATH ALAN
THOMPSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1008047

 



 

M E M O R A N D U M   O P I N I O N

Appellant Heath Alan Thompson appeals
after a jury found him guilty of burglary of a habitation with intent to commit
sexual assault and assessed punishment at forty years=
incarceration.  In two points of error,
appellant argues that (1) he was denied counsel during the time frame within
which a motion for new trial had to be filed, and (2) he was denied effective
assistance of counsel during the time frame within which a motion for new trial
had to be filed.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm.








The trial court imposed sentence on May
18, 2005.  On the same day, appellant=s retained trial
counsel filed a notice of appeal on his behalf and moved to withdraw.  In the notice of appeal, appellant
represented to the court that he was indigent and asked the court to
immediately appoint appellate counsel to represent him and to file a timely
motion for new trial.  The trial court
found that appellant was indigent and appointed appellate counsel.  The court further ordered the court reporter
to prepare a reporter=s record at no cost to appellant.  Appellate counsel did not file a motion for
new trial, which would have been due June 17, 2005.  See Tex.
R. App. P. 21.4.  On July 6, 2005,
appellant filed a motion with this court stating that he had retained other
appellate counsel and requesting substitution of counsel.  We granted appellant=s motion and
permitted retained counsel to be substituted for the previously appointed
counsel.

In his first point of error, appellant
contends that he was denied counsel during the critical thirty-day period of
time to file a motion for new trial. 
Although the Court of Criminal Appeals has not addressed whether a
defendant is entitled to counsel during the time limit for filing a motion for
new trial, several courts of appeals, including this court, have held that
there is such a right.  E.g., Hanson v. State, 11 S.W.3d 285, 288 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  Appellant bears the burden to demonstrate
from the record that he was deprived of counsel during a critical stage of the
proceedings.  See Oldham v. State,
977 S.W.2d 354, 362B63 (Tex. Crim. App. 1998). 








In this case, the record reflects that
appellate counsel was appointed for appellant on the day sentence was
imposed.  Because appellant was
represented by counsel, he must rebut the presumption that he was adequately
informed of his rights and effectively represented during the thirty days
following the judgment.  See Smith v.
State, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000).  Appellant contends that he rebutted this
presumption because the trial court ordered counsel to file a motion for new
trial.  Appellant contends that because
he requested that counsel be appointed for the purpose of filing a motion for
new trial and for appeal, it follows that the trial court ordered counsel to
file a motion for new trial.  We disagree
with this inference.  The trial court
ordered appellate counsel to represent appellant on appeal but did not order
counsel to file a motion for new trial.  

Appellant further contends that he
rebutted the presumption of representation because appellate counsel Adid nothing.@  There is nothing in the record to suggest
that appellant was not counseled by his attorney regarding the merits of a
motion for new trial.  We therefore
presume that counsel effectively represented appellant at this stage.  See Smith, 17 S.W.3d at 663.  Appellant offers no evidence to rebut this
presumption.  We do not find that
appellant was inadequately counseled regarding his right to file a motion for
new trial.  Appellant=s first point of
error is overruled.

In his second point of error, appellant
contends that he was denied effective assistance of counsel because appellate
counsel failed to file a motion for new trial. 
Appellant argues that appellate counsel was ineffective in failing to
file a motion for new trial challenging the effectiveness of his representation
at trial.  To prove ineffective
assistance of counsel, appellant must demonstrate that his counsel=s performance was
deficient because it fell below an objective standard of reasonableness, and that
there was a reasonable probability that, but for counsel=s errors, the
result of the proceeding would have been different.  Strickland v. Washington, 466 U.S.
668, 689 (1984); Rodriguez v. State, 899 S.W.2d 658, 664 (Tex. Crim.
App. 1995).  Whether this standard has
been met is to be judged by the totality of the representation rather than by
isolated acts or omissions of counsel.  Rodriguez,
899 S.W.2d at 665.  Appellant must prove
ineffectiveness by a preponderance of the evidence.  Id. 
There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9
S.W.3d 808, 812B13 (Tex. Crim. App. 1999).








The record before us presents no evidence
to rebut the presumption that the representation appellant received during the
time for filing a motion for new trial was adequate.  In his brief, appellant lists potential
points that could have been raised in a motion for new trial.  He contends that trial counsel were
ineffective because they did not provide him with a rational and factual
understanding of the case.  He further
complains of several instances in which counsel could have objected to evidence
but failed to do so.  However, the question
is not whether appellant=s motion for new trial might have been
successful, but whether his appellate attorney=s alleged
deficient performance caused him to be denied an opportunity to file a motion
for new trial.  See Johnson v. State,
169 S.W.3d 223, 231 (Tex. Crim. App. 2005). 
Nothing in the record rebuts the presumption that appellant was
adequately informed of his rights and effectively represented; therefore,
counsel=s alleged
deficient performance did not deprive appellant of the opportunity to file a
motion for new trial.  See Smith,
17 S.W.3d at 663.  Accordingly, appellant=s second point of
error is overruled.

The judgment of the trial court is
affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed June 20, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).