In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-406 CR


NO. 09-06-407 CR


NO. 09-06-414 CR


____________________



MICHAEL D. STEPHENS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause Nos. 05-11-10219-CR, 05-11-10229-CR, and 05-11-10228-CR






 MEMORANDUM OPINION 


 In this appeal, we consider whether the record shows that the appellant received
ineffective assistance of counsel during the punishment phase of trial and during the interval
between entry of judgment and the deadline for filing new trial motions. Because the record
does not show ineffective assistance of counsel, we affirm.

 Without the benefit of a plea bargain, Michael D. Stephens pled guilty to three counts
of burglary of a building. (1) Tex. Pen. Code Ann. § 30.02 (Vernon 2003). Each count had
four enhancement paragraphs to which Stephens pled true. At the same hearing, the trial
court heard punishment evidence for all three cases and found Stephens guilty of each
offense. The trial court assessed Stephens's punishment at twenty years' confinement in each
cause, with the sentences to run concurrently. Stephens appeals from each judgment and
raises one issue. He contends that he should be granted a new punishment hearing in each
case because of his counsel's ineffective assistance. 

Background


 At the punishment hearing, Stephens was the only witness. He testified that he
dropped out of high school and started "doing drugs" at age eighteen or nineteen. He
admitted that he violated parole conditions imposed for an earlier conviction and, as a result,
went to prison at age twenty-one. Stephens was age thirty-five at the time of his punishment
hearing and testified that he had spent most of his adult life in prison, getting out the "last
time" at age thirty-one. 

 Stephens further testified that his father tried to help with his housing, transportation,
and a job. But, Stephens said he "blew it" by using drugs again, after which his father
refused any further help. Stephens acknowledged having a severe drug problem and asked
the trial court to sentence him to a Substance Abuse Felony Punishment Facility ("SAFPF") 
so he could receive drug rehabilitation. He testified he completed over three years of college
while in prison. However, according to Stephens, his post-prison drug use caused him to lose
his job, abandon his home (he chose to live on the streets instead), and commit burglaries.

 Before sentencing, the trial court noted that Stephens's past was "tragic." The court
observed that Stephens had been unable to handle civilian life or his addictions. While the
trial court acknowledged the persuasiveness of defense counsel's drug-treatment argument, 
the court told Stephens: "The one place where you've been able to comply with the rules and
be secure in your own system was in prison."

 The trial court pronounced Stephens's sentences on August 24, 2006. The judgments
were signed and entered on August 31, 2006. On September 8, 2006, Stephens filed his pro
se notice of appeal in which he alleged he received ineffective assistance of counsel. On
October 11, 2006, defense counsel filed his motion to withdraw as counsel. The trial court
granted defense counsel's motion to withdraw on the day it was filed and appointed appellate
counsel for Stephens at the same time. 

 In his sole appellate issue, Stephens contends that his trial counsel was ineffective for
the following reasons: (1) his counsel had not reviewed the presentencing report before the
day of the punishment hearing and should have asked for a continuance to investigate matters
in the report, (2) his counsel called no witnesses to present mitigating evidence, (3) his
counsel did not seek the appointment of a defense expert on substance abuse, (4) his counsel
called no witnesses to testify on the appropriateness of SAFPF for Stephens, and (5) his
counsel failed to file a motion for new trial. 

 Stephens claims there is no reasonable trial strategy supporting counsel's failure to
investigate, call witnesses, or develop mitigating evidence for the punishment hearing. But,
Stephens also concedes that the absence of a motion for new trial and of a hearing on the
motion prevented him from presenting the evidence normally required to prevail on appeal.

Standard of Review


 We review claims of ineffective assistance of counsel under well established law. The
Texas Court of Criminal Appeals recently reiterated the Strickland standard for ineffective-assistance claims as follows:

 To succeed on an ineffective-assistance claim, the defendant must show
that: (1) counsel's performance was deficient and (2) the deficient performance
prejudiced the defense. To show deficient performance, the defendant must
prove by a preponderance of the evidence that his counsel's representation fell
below the standard of professional norms. To demonstrate prejudice, the
defendant must show a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. 


Garza v. State, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007) (footnotes omitted) (citing
Strickland v. Washington, 466 U.S. 668, 687-88, 694,104 S.Ct. 2052, 80 L.Ed.2d 674
(1984)). But, as Garza explained, our review of ineffective assistance claims is "highly
deferential" to trial counsel as we presume "that counsel's actions fell within the wide range
of reasonable and professional assistance." Garza, 213 S.W.3d at 348 (citing Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Chambers v. State, 903 S.W.2d 21, 33 (Tex.
Crim. App. 1995)). Further, when reviewing ineffective-assistance claims involving
punishment, we apply the same standard as that applied for claims involving ineffective
assistance at trial. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).

Analysis


 Stephens claims that counsel should have called various witnesses to testify at the
punishment hearing. Stephens, however, must present evidence that witnesses were available
and would have provided beneficial testimony to overcome the presumption that counsel
exercised reasonable professional judgment. See Wilkerson v. State, 726 S.W.2d 542, 551
(Tex. Crim. App. 1986) ("Absent a showing that potential defense witnesses were available,
and that their testimony would benefit the defense, counsel's failure to call witnesses is of
no moment."); Wade v. State, 164 S.W.3d 788, 796 (Tex. App.-Houston [14th Dist.] 2005,
no pet.). Stephens does not argue his proposed witnesses were available and nothing in the
record shows that they were. Stephens speculates that his proposed witnesses would have
provided beneficial testimony but there is no evidence to show that their testimony would
have been favorable to him. Thus, on the record before us in this appeal, Stephens cannot
prevail on his failure-to-call claim. Wilkerson, 726 S.W.2d at 551.

 Stephens asserts further that his trial counsel should have requested a continuance in
order to investigate matters in the presentencing report, which counsel did not receive until
the day of the hearing. Stephens, however, assumes that counsel did not investigate matters
contained in the report prior to the hearing. There is no evidence that counsel and Stephens
failed to discuss potential witnesses or Stephens's background prior to the sentencing report. 
In fact, counsel's presentation of Stephens on direct examination shows that counsel knew
essential facts about Stephens's background. During his direct examination, Stephens's
counsel elicited information from him about (1) Stephens's family history, (2) his prison
sentences and the education he received in prison, (3) his past offenses, (4) his drug
addiction, (5) his father's willingness to help him until he started using drugs again, (6) the
circumstances leading up to his commission of the charged offenses, and (7) his desire for
his sentence to allow participation in SAFPF. In the absence of evidence to the contrary, as
is the case here, we presume that counsel exercised reasonable professional judgment in
going forward with the sentencing hearing without asking for a continuance. See Bone, 77
S.W.3d at 833. Thus, based on the record before us, Stephens's claim of counsel's failure
to investigate or request a continuance is without merit.

 Stephens further argues counsel provided ineffective assistance because he failed to
file a motion for new trial. Stephens asserts that his filing a pro se notice of appeal alleging
ineffective assistance of counsel shows deficient performance by his attorney.

 Decisions of the Court of Criminal Appeals require that appellate courts apply certain
presumptions when reviewing ineffective assistance claims that involve the failure to file
new trial motions. First, when trial counsel did not withdraw and was not replaced by new
counsel prior to the deadline for filing new trial motions, a rebuttable presumption exists that
trial counsel continued to represent the defendant during the time for filing a motion for new
trial. Smith v. State, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); Oldham v. State, 977
S.W.2d 354, 363 (Tex. Crim. App. 1998). Second, if "a motion for new trial is not filed in
a case, the rebuttable presumption is that it was considered by the appellant and rejected." 
Oldham, 977 S.W.2d at 363. A third presumption arises if the appellant filed a pro se notice
of appeal. In such cases, we consider the filing as evidence that the appellant was "informed
of at least some of [his] appellate rights," and then we presume that the appellant was
"adequately counseled unless the record affirmatively displays otherwise." Id. 

 Under the procedural history here, we apply all of these presumptions. First, we
presume that counsel continued to represent Stephens during the window of time for filing
a motion for new trial. See Smith, 17 S.W.3d at 662; Oldham, 977 S.W.2d at 363. The
judgment was signed on August 31, 2006. Counsel did not withdraw until October 11, 2006,
over a week after the motion for new trial deadline. See Tex. R. Civ. P. 329b (motions for
new trial must be filed "prior to or within thirty days after the judgment . . . is signed.") The
record contains no evidence rebutting the presumption that Stephens's counsel continued to
represent him during this period of time. 

 Next, because the record contains no new trial motion, we presume that Stephens
considered and rejected having his attorney file one. Oldham, 977 S.W.2d at 363. The
record contains no contrary evidence. 

 Finally, because the record shows Stephens filed a pro se notice of appeal, we
consider that filing as evidence he was informed of some of his appellate rights and presume
he was adequately counseled. Id. The record contains no contrary evidence.

 Pursuant to Smith and Oldham, we conclude that Stephens has failed to overcome the
presumption that he had adequate counsel during the post-trial window of time when a new
trial motion could have been filed. Further, having considered and rejected all of Stephens's
claims of ineffective assistance, we overrule his issue. (2) We affirm the trial court's
judgments.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on March 20, 2007

Opinion Delivered July 25, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. While Stephens filed a separate appeal in each case, we consider all three of his
appeals in this opinion for the purposes of judicial economy.
2. Relief in appropriate cases for claims of ineffective assistance of counsel is generally
available through an application for writ of habeas corpus. See Thompson v. State, 9 S.W.3d
808, 814-15 (Tex. Crim. App. 1999).