Opinion issued April 8, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00480-CV

———————————

TAWANA RENA ROBINSON, Appellant

V.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee



 



 

On Appeal from the 313th District Court

Harris County, Texas



Trial Court Case No. 2003-00510J

 



 

O P I N I O N

          Appellant,
Tawana Rena Robinson, challenges the trial court’s termination of her parental
rights to her minor children H.L.C. and A.L.C. 
In one issue, Robinson contends that her court-appointed lawyer was
ineffective because he did not file a statement of the point or points on which
Robinson intended to appeal.  See Tex. Fam. Code Ann. § 263.405(b)(2)
(Vernon 2008) (requiring appellant to file statement of point or points).[1]  We affirm.

          The Texas Supreme Court has adopted
the two-pronged analysis of Strickland v. Washington, 466 U.S. 668, 687,
104 S. Ct. 2052, 2066 (1984), to determine whether appointed counsel was
ineffective in a proceeding to terminate parental rights:

First, the defendant must show that counsel’s
performance was deficient.  This requires
showing that counsel made errors so serious that counsel was not functioning as
the “counsel” guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the
deficient performance prejudiced the defense.  This requires showing that counsel’s errors
were so serious as to deprive the defendant of a fair trial, a trial whose
result is reliable.

 

In
re J.O.A., 283
S.W.3d 336, 341–42 (Tex. 2009) (citing In re M.S., 115 S.W.3d 534, 545
(Tex. 2003)).

          Robinson argues that her trial lawyer rendered
deficient performance and thus failed the first prong of Strickland by
not filing a statement of appellate points required by Family Code section
263.405(b)(2).  Although trial counsel’s
failure to file a statement of appellate points or render any other continued
representation after filing a notice of appeal and a motion to withdraw was
found by the Texas Supreme Court to be “seriously deficient” in In re J.O.A.,
283 S.W.3d at 343, the Court also acknowledged in the same opinion that “not
every failure to preserve factual sufficiency issues would rise to the level of
ineffective assistance.”  Id. (citing In re M.S., 115 S.W.3d at 549). 

Here, the Department of Family and Protective Services
contends that Robinson’s trial counsel could not have filed any meritorious
claim of legal or factual sufficiency.  Under
such circumstances, a failure to file a statement of appellate points would not
necessarily indicate deficient representation. 
We “must indulge in the ‘strong presumption that counsel’s conduct falls
within the wide range of reasonable professional assistance,’ including the
possibility that counsel’s decision not to challenge factual sufficiency was
based on strategy.”  In re M.S., 115 S.W.3d at 549 (quoting Strickland, 466 U.S. at 689, 104 S. Ct. at 2052).  Counsel, in his professional opinion, could
have believed the evidence legally and factually sufficient, such that a statement
of appellate points was not warranted.  See id. (citing Smith v. State, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000)).  It was therefore necessary for Robinson to
demonstrate on appeal not only that her counsel failed to file a statement of
appellate points, but that her counsel rendered deficient performance in his
failure to do so, and that she was harmed as a result of that deficient
performance.  This she failed to do.

          Robinson’s claim of ineffective
assistance fails because she does not demonstrate any harm.[2]  Her brief offers no substantive arguments to
demonstrate that the evidence adduced at trial was legally or factually
insufficient to support the termination of her parental rights.[3]  Under such circumstances, we cannot find harm
and thus cannot find ineffective assistance of counsel.  See In
re M.S., 115 S.W.3d at 545–46 (mother could not demonstrate ineffective
assistance in trial counsel’s failure to secure record of voir dire, charge
conference, and closing arguments because she failed to indicate “what errors
would have been recorded if a record had been made”).

          Finally, Robinson asks this Court to
remand the case “for a hearing to determine whether good cause exists for trial
counsel’s failure to file the points.”  We
are aware of no authority for such a remand, nor would any purpose be served to
remand to determine the reasons for that failure in light of our conclusion
that Robinson has failed to make the requisite demonstration of harm.

We overrule Robinson’s sole issue, and we affirm the trial
court’s order of termination.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and Massengale.











[1]
              Family
Code section 263.405(i) has been held unconstitutional to the extent that
section purports to prevent an appeal based on ineffective assistance of
counsel.  See In re J.O.A.,
283 S.W.3d 336, 347 (Tex. 2009); Tex.
Fam. Code Ann. § 263.405(i) (Vernon 2009) (“The appellate court may not
consider any issue that was not specifically presented to the trial court in a
timely filed statement of the points on which the party intends to appeal or in
a statement combined with a motion for new trial.”).





[2]
        Robinson’s
brief does note that “under certain circumstances, ‘prejudice is presumed,’”
referencing the “sleeping lawyer” case, Burdine v. Johnson, 262 F.3d 336,
349 (5th Cir. 2001).  Robinson presents
no substantive argument that such an argument applies to ineffective-assistance
claims in the context of the termination of parental rights, or that, despite
her concession that her trial lawyer was not ineffective during the course of
the trial, counsel’s failure to file a statement of appellate points in this
case constituted a constructive denial of counsel that would justify a
presumption of prejudice.  As noted
above, without more we cannot assume that the failure to file a statement of
appellate points was deficient performance, much less a constructive denial of
counsel.  To the extent Robinson’s brief
suggests presumed prejudice, that argument is waived for failure to present a
clear and concise argument with appropriate citations to authorities and to the
record.  See Tex. R. App. P.
38.1(i).

 





[3]
              The
brief filed by the Department of Family and Protective Services details the
evidence at trial, arguably supporting the termination of Robinson’s parental
rights pursuant to Family Code section 161.001(1)(E), which authorizes
termination in the best interest of the child when the parent engaged in
conduct or knowingly placed the child with persons who engaged in conduct which
endangered the physical or emotional well-being of the child.  See Tex.
Fam. Code Ann. § 161.001(1)(E) (Vernon Supp. 2009).  Without speculating whether this evidence is
the reason why counsel did not actually present a sufficiency‑of‑the‑evidence
argument to support a harm analysis on appeal, we note that if appointed
counsel believes there are no nonfrivolous issues to assert on appeal from the
termination of parental rights, the appropriate course of action is to file an Anders brief and seek leave to
withdraw.  See In re K.D., 127
S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967)).