Affirmed and Memorandum Opinion filed October 30, 2008








Affirmed
and Memorandum Opinion filed October 30, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00684-CR

NO. 14-07-00685-CR

____________

 

CEDRIC DEWAYNE KNOX, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1074371
& 1074372

 



 

M E M O R A N D U M  O P I N I O N








Appellant Cedric Knox was found guilty by a jury of
intentionally or knowingly causing bodily injury to a child and of assault of a
family member.  See Tex. Penal Code Ann. '' 22.01(a)(1),
(b)(2), 22.04(a)(3) (Vernon Supp. 2008).  The jury sentenced appellant to two
concurrent five-year terms in the Institutional Division of the Texas
Department of Criminal Justice.  On appeal, appellant contends: (1) the
evidence is factually insufficient to support his conviction for assault of a
family member; (2) he was denied effective assistance of counsel as guaranteed
by the Sixth and Fourteenth Amendments; and (3) the trial court erred when it
failed to appoint counsel during the time to file a motion for new trial.  We
affirm.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2006, Officer G. Patton received a call from
dispatch to an apartment complex in Houston, Texas.  He arrived within minutes
to find Kenyate Polk, appellant=s girlfriend,[1]
and the couple=s five-year-old son, Sharkene, walking quickly toward
the entrance gate.  According to Officer Patton=s testimony,
appellant was walking about two or three feet behind them.  Officer Patton
testified that appellant appeared Akind of
aggressive,@ angry, sweaty, and smelled of alcohol.  He stated
that Kenyate Polk had a bruise on her right eye, she was crying, and her
clothes were dirty and disheveled.  He asked her what happened and, according
to his testimony, she stated, AMy boyfriend beat me up@ and pointed to
appellant.  When questioned further by Officer Patton, Polk told him appellant
hit her with a closed fist.  Officer Patton then placed appellant in the patrol
car and continued to speak with Polk.  He observed Sharkene had dried blood on
his bottom lip; the State introduced photographs of the boy taken by Houston
Police Department officers at the scene.  According to Officer Patton, Polk
stated that she saw appellant hit Sharkene in the mouth with a closed fist.  No
photographs were taken of Polk=s injuries.  Appellant testified that he
and Polk argued about his inability to drive the family somewhere after
consuming alcohol.  He denied striking Polk and stated that Sharkene=s injuries were
the result of horseplay.  During the guilt-innocence phase, appellant
stipulated to his prior conviction for assault against Polk.  The State
questioned him further about the details of this conviction, and about his
prior conviction for assaulting another woman.  








The trial court signed the judgment for each cause number
on June 20, 2007.  On the preprinted forms for the notices of appeal, appellant=s trial counsel
checked the box that he moved to withdraw and dated the document June 28,
2007.  Appellant signed the documents before a notary on July 6, 2007.  The
notices were not filed with the district court until July 16, 2007.  In the
documents, appellant stated he was indigent and requested the trial court
appoint appellate counsel immediately, order a free record for him, and set
bail.  Also on July 16, 2007, appellant filed two pro se documents for each
cause number:  a notice of appeal and a motion to obtain transcript records. 
The trial court set bail on August 15, 2007; the portion of the order setting
forth the ruling on trial counsel=s motion to
withdraw is blank.  In a separate order on the same date, the trial court found
appellant indigent and appointed appellate counsel.  Appellant filed a Motion
for Abatement and Remand for Out-of-Time Motion for New Trial with this court
on January 30, 2008, contending trial counsel never advised him of the
thirty-day deadline for filing a motion for new trial and appellate counsel was
not appointed until after the deadline had passed.  The motion was denied on
February 14, 2008.

II.  DISCUSSION

A.      Factual
Sufficiency

In his first issue, appellant contends the evidence is
factually insufficient to support his conviction for assault of a family
member.  See Tex. Penal Code Ann. ' 22.01(a)(1), 
(b)(2) (Vernon Supp. 2008).[2] 
Specifically, appellant argues the evidence is weak and includes only Aunsubstantiated
circumstantial and hearsay evidence.@








Before we address factual sufficiency, we note appellant
has failed to bring a challenge to the legal sufficiency of the evidence. 
Thus, he has conceded the evidence is legally sufficient to permit a rational
jury to find the essential elements of the offense.  See Clewis v. State,
922 S.W.2d 126, 134-36 (Tex. Crim. App. 2006) (holding factual-sufficiency
review begins with presumption the evidence supporting the jury=s verdict is
legally sufficient).  If the evidence were not legally sufficient, this court
would not reach a factual- sufficiency point of error, having acquitted the
defendant.  See Watson v. State, 204 S.W.3d 404, 415-16 (Tex. Crim. App.
2006).

Under a factual-sufficiency review, a verdict will not be
set aside unless (1) the evidence is so weak that the verdict is clearly wrong
and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence.  See Grotti v. State, -- S.W.3d --, 2008
WL 2512832, at *7 (Tex. Crim. App. June 25, 2008); Roberts v. State, 220
S.W.3d 521, 524 (Tex. Crim. App. 2007).  Under the first prong, an appellate
court cannot conclude a conviction is Aclearly wrong@ or Amanifestly unjust@ simply because it
would have voted to acquit had it been on the jury.  Watson, 204 S.W.3d
at 417.  Instead, a reviewing court=s authority to
disagree with the jury=s credibility determination is appropriate
only when the record clearly indicates it is necessary to correct a manifest
injustice.  Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App.
2003).   

Similarly, under the second prong, a reviewing court cannot
declare that conflict in the evidence justifies a new trial simply because it
disagrees with the jury=s resolution of that conflict.  Watson,
204 S.W.3d at 417.  Before finding that evidence is insufficient to support the
verdict under the second prong, a reviewing court must be able to say, with
some objective basis in the record, that the great weight and preponderance of
the evidence, albeit legally sufficient, contradicts the jury=s verdict.  Id. 
Unlike a legal-sufficiency review under which the evidence is viewed in the
light most favorable to the prosecution, a factual-sufficiency review requires
the court to view all of the evidence in a neutral light.  See id. at
415.  With these principles in mind, we turn to the record before us.








A person commits assault of a family member when the person
intentionally, knowingly, or recklessly causes bodily injury to another,
including the person=s spouse.  Tex. Penal Code Ann. ' 22.01(a)(1)
(Vernon Supp. 2008).[3] 
Appellant argues the only evidence in support of his conviction is Officer
Patton=s testimony that
he saw a bruise on Kenyate Polk=s eye and that she told him her Aboyfriend beat her
up,@ which appellant
denied during his testimony.  Appellant also notes that Houston Police
Department officers did not take photos of Polk, while they did take photos of
Sharkene Knox=s injuries.  He contends portions of Officer Patton=s testimony
constituted hearsay and the alleged hearsay evidence, coupled with
unsubstantiated circumstantial evidence, is not enough to sustain his
conviction. 

A reviewing court considers both properly and improperly
admitted evidence in its sufficiency review and gives the evidence whatever
weight and probative value it could rationally convey to a jury.  Moff v.
State, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004); Rivera-Reyes v.
State, 252 S.W.3d 781, 785 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  In addition, evidence can be both legally and factually
sufficient to support a conviction even if it is entirely circumstantial.  See
King v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).  The standard of
review for cases based on circumstantial evidence is the same as the standard
for reviewing cases with direct evidence.  Id.








The record reflects that Officer Patton testified to seeing
Kenyate Polk walking fast with her five-year-old son toward the entrance gate
of an apartment complex.  Officer Patton stated that Polk had a bruise on her
right eye, was crying, and her clothes were dirty and disheveled.  He asked her
what happened and she stated that her boyfriend beat her up and pointed to
appellant.  When questioned further by Officer Patton, she stated appellant hit
her with a closed fist.  Appellant testified that he and Polk argued about his
inability to drive the family somewhere after consuming alcohol.  Appellant
stated that he followed Polk out of the apartment to learn why she was leaving
and figured it was because Polk did not want the kids to see him Amessed up.@  He then denied
striking Polk.  Before direct examination, appellant stipulated to a 2004
conviction for assaulting Polk. On cross-examination, the State questioned
appellant about the details of this conviction and of another conviction for
assaulting another woman.  When questioned as to why Polk did not appear to
testify despite a subpoena by the State, appellant stated Polk was not scared
of him and he did not know why she had not shown up to testify.  Appellant
later stated that he loved Polk and again denied intentionally hurting her.

The jury is the sole judge of the credibility of the
witnesses and the weight to be given their testimony.  See Lancon v. State,
253 S.W.3d 699, 705 (Tex. Crim. App. 2008).  We afford almost complete
deference to a jury=s decision when that decision is based
upon an evaluation of credibility.  Id.  The jury is in the best
position to judge the credibility of a witness because it is present to hear
the testimony.  Id.  The jury could have chosen to believe all, some, or
none of the testimony presented.  Id. at 707.  Here, the jury could have
believed Officer Patton=s testimony and chosen to disbelieve
appellant=s testimony.  Accordingly, appellant=s first issue is
overruled.      

B.      Ineffective
Assistance of Counsel Claim

In his second issue, appellant contends he received
ineffective assistance of counsel because his trial counsel failed to (1)
object to testimony from Officer Patton about what Kenyate Polk said at the
scene; (2) object to the admission of details about prior convictions, Officer
Patton=s testimony that
appellant was intoxicated, and a Ano contact@ order; (3) object
to facts outside the record raised in the State=s closing
argument; (4) conduct meaningful voir dire and strike an allegedly biased juror
on the panel; (5) make any meaningful jury argument; and (6) call witnesses
during the guilt-innocence or punishment phases of trial.  








In reviewing claims of ineffective assistance of counsel,
we apply a two-prong test.  See Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005) (citing Strickland v. Washington, 466 U.S. 668,
104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).  To establish ineffective assistance
of counsel, appellant must prove by a preponderance of the evidence that (1)
his trial counsel=s representation was deficient in that it
fell below the standard of prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different.  Id.

An accused is entitled to reasonably effective assistance
of counsel.  King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). 
When evaluating a claim of ineffective assistance, the appellate court looks to
the totality of the representation and the particular circumstances of each
case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
There is a strong presumption that counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  See Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App.
2001).  To overcome the presumption of reasonable professional assistance, A[a]ny allegation
of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Thompson,
9 S.W.3d at 813.  








When determining the validity of an
ineffective-assistance-of-counsel claim, any judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of hindsight.  Ingham
v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  When the record is
silent as to the reasons for counsel=s conduct, a
finding that counsel was ineffective would normally require impermissible
speculation by the appellate court.  Stults v. State, 23 S.W.3d
198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Absent
specific explanations for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective-assistance claim.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  Ordinarily, this kind of record is best developed in a
hearing on an application for writ of habeas corpus or a motion for new trial. 
Perez v. State, 56 S.W.3d 727, 731 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (citing Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998)).  However, when no reasonable trial
strategy could justify trial counsel=s conduct, counsel=s performance
falls below an objective standard of reasonableness as a matter of law,
regardless of whether the record adequately reflects trial counsel=s subjective
reasons for acting as he did.  Andrews v. State, 159 S.W.3d 98, 102
(Tex. Crim. App. 2005).  

If a criminal defendant can prove trial counsel=s performance was
deficient, he still must affirmatively prove he was prejudiced by counsel=s actions.  Thompson,
9 S.W.3d at 812.  This requires the defendant to demonstrate a reasonable
probability that the result of the proceeding would have been different if
trial counsel had acted professionally.  Id.  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Mallett,
65 S.W.3d at 63.

Here, appellant did not file a motion for new trial and the
record does not contain evidence of trial counsel=s reasons or
strategy regarding the challenged actions.  This court will not speculate as to
why trial counsel acted as he did.  See Bone, 77 S.W.3d at 835;
Rivera-Reyes v. State, 252 S.W.3d 781, 790 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  Absent evidence in the record, appellant cannot
overcome the presumption that counsel=s actions were
reasonable and professional.  See Bone, 77 S.W.3d at 833. 
Therefore, we overrule appellant=s second issue.

C.      Alleged
Deprivation of Counsel During Period for Filing Motion for New Trial








In his third issue, appellant contends the trial court
erred when it failed to appoint counsel during the time for filing a motion for
new trial and the alleged absence of counsel prejudiced him.  Specifically,
appellant argues his counsel moved to withdraw eight days after trial and did
not advise him regarding a motion for new trial.  Appellant requests this court
abate the case to allow him time to file an out-of-time motion for new trial.[4]

A motion for new trial must be filed no later than thirty
days after the trial court Aimposes or suspends sentence in open
court.@  Tex. R. App. P. 21.4(a).  This 30-day period in which
to file a motion for new trial is a critical stage of a criminal proceeding and
a defendant has a constitutional right to counsel during that period.  Cooks
v. State, 240 S.W.3d 906, 908 (Tex. Crim. App. 2007).  To prevail on a
claim of deprivation of counsel, appellant must affirmatively show that he was
not represented by counsel during that period.  See Oldham v. State, 977
S.W.2d 354, 363 (Tex. Crim. App. 1998).  There is a rebuttable presumption that
a defendant=s trial counsel continued to adequately represent the
defendant during this critical stage.  Cooks, 240 S.W.3d at 911.  If a
defendant rebuts this presumption with evidence that he was deprived of
adequate counsel during this stage, this deprivation of counsel is subject to a
harm analysis.  Id.  

The trial court signed the judgment for each cause number
on June 20, 2007.  On the preprinted forms for the notices of appeal, appellant=s trial counsel
checked the box that he moved to withdraw and dated the document June 28,
2007.  Appellant signed the documents before a notary on July 6, 2007.  The
notices were not filed with the district court until July 16, 2007.  As a
result, the trial court was not on notice of trial counsel=s intent to
withdraw until four days before the end of the 30-day time period for filing a
motion for new trial.  The record does not reflect the trial court ruled on the
motion to withdraw.  The trial court set bail on August 15, 2007; the portion
of the order setting forth the  ruling on trial counsel=s motion to
withdraw is blank.  In a separate document on the same date, appellant
petitioned the court to appoint appellate counsel and requested a free record. 
The trial court, finding appellant indigent, granted both requests the same
day.  








The appellant was represented by retained counsel at
trial.  Trial counsel, whether retained or appointed, Ahas the duty,
obligation, and responsibility to consult with and fully advise his client
concerning meaning and effect of the judgment rendered by the court, his right
to appeal from that judgment, [and] the necessity of giving notice of appeal
and taking other steps to pursue an appeal . . . .@  Ex parte Axel,
757 S.W.2d 369, 374 (Tex. Crim. App. 1988); see Oldham, 977 S.W.2d at
362 (quoting Ex parte Axel when appellant claimed retained counsel
abandoned her during time to file motion for new trial).  A rebuttable
presumption exists that the attorney discussed the merits of the motion for new
trial with the appellant, and the appellant considered and rejected it.  Oldham,
977 S.W.2d at 363.  Appellant=s statement that he was not represented
since June 28, 2007 is not enough to rebut the presumption of effective
assistance.  See Smith v. State, 17 S.W.3d 660, 662-63 (Tex. Crim. App.
2000) (holding fact that appellant filed pro se notice of appeal and indigency,
letter of assignment from trial court to appellate court stated attorney of
record on appeal was Ato be determined,@ and appellant
appeared without counsel when signing a pauper=s oath and
requesting new counsel was not enough to rebut presumption); Oldham, 977
S.W.2d at 362-63 (holding fact that appellant filed pro se notice of appeal and
indigency and letter of assignment from trial court to appellate court stated
attorney of record on appeal was Ato be determined@ was not enough to
rebut presumption).  Appellant must show that counsel did not confer with him
regarding the merits of filing a motion for new trial.  Nguyen v. State,
222 S.W.3d 537, 540 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  Appellant has
not made such a showing here.   








Although appellant=s trial counsel
signed a motion to withdraw on June 28, 2007, it was not filed with the trial
court until July 16, 2007, and was not acted upon by the trial court. 
Therefore, trial counsel was still the attorney of record through the time for
filing a motion for new trial.  There is no evidence in the record that trial
counsel thought his duties were completed at the end of trial or that he
abandoned appellant.  See Oldham, 977 S.W.2d at 362-63 (finding no
evidence in record to show trial counsel thought his duties were completed at
the end of trial and he abandoned appellant even though Oldham filed pro se
notice of appeal and notation on letter of assignment stated attorney of record
on appeal was Ato be determined@).  In addition,
on the same date the preprinted notices of appeal containing trial counsel=s motion to
withdraw were filed with the district court, appellant filed two pro se
documents in each cause number: a notice of appeal and a motion to obtain
transcript records.  Filing a pro se notice of appeal is an indication that
appellant was made aware of at least some of his appellate rights.  Id.
at 363.  There is nothing in the record to suggest that appellant was not
counseled by his attorney regarding the merits of a motion for new trial.  Smith,
17 S.W.3d at 663; Oldham, 977 S.W.2d at 363.  Appellant has not overcome
the presumption that he was adequately represented by counsel during the time
for filing a motion for new trial.  Therefore, appellant=s third issue is
overruled.

III.  CONCLUSION 

Having overruled appellant=s three issues on
appeal, we affirm the judgments of the trial court.

 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered and Memorandum
Opinion filed October 30, 2008.

Panel consists of Justices
Anderson, Frost, and Senior Justice Hudson.*

Do Not Publish C Tex.
R. App. P. 47.2(b).    









[1]  Kenyate Polk is referred to as appellant=s girlfriend in Officer Patton=s testimony and as appellant=s wife in appellant=s
testimony.  Likewise, in parts of the record Kenyate is referred to as Ms. Polk
and in other parts as Ms. Knox.





[2]  Appellant does not challenge the factual sufficiency
of his conviction for injury to a child.  See Tex. Penal Code Ann. ' 22.04(a)(3) (Vernon Supp. 2008).





[3]  The indictment included an enhancement paragraph for
an assault conviction in 2004.  During trial, appellant stipulated to the prior
conviction.  The prior conviction enhanced the charge against appellant to a
felony.  See Tex. Penal Code Ann. '
22.01(b)(2) (Vernon Supp. 2008).





[4]  Appellant filed a Motion to Abate with this court on
January 30, 2008, making the same allegations.  The motion was denied on
February 14, 2008.





*  Senior Justice J. Harvey Hudson sitting by
assignment.